## KIRBY and others vs. CORNING, Garnishee, and others.

*March 15 — April 5, 1882.*

GARNISHMENT: WAIVER: COSTS. *(1) Waiver of formal objections to answer. (4) When claimant interpleading in garnishment entitled to costs.*
REVERSAL OF JUDGMENT: *(2, 5) For determinations not affecting injuriously appellant's rights.*

1. Where a person whom a garnishee's answer discloses as a claimant of the fund in dispute, has been ordered to interplead (R. S., sec. 2767), and has answered setting up his claim, and the plaintiffs have taken issue on the answer, and gone to trial thereon, they cannot afterwards object that the answer is unverified or out of time.
2. An error in rejecting testimony is cured where the testimony is afterwards admitted in full; and the erroneous rejection of evidence is no ground of reversal unless the appellant may have been prejudiced thereby.
3. One who has voluntarily consented to the use of money in the hands of another to pay the debts of a third person, may revoke such consent before the payment of the money.
4. It having been found that part of the fund in the garnishee's hands belonged to the principal debtor, and another part to the person required to interplead, judgment properly goes in favor of the latter against the plaintiff, for costs.
5. Where the court orders the garnishee to pay over to such party interpleading so much of the fund as is adjudged to belong to him, the question whether this is a proper order will not be considered on the plaintiff's appeal.

APPEAL from the Circuit Court for *Taylor* County.

The action was commenced by service of the summons and affidavit for garnishment upon the garnishee, the principal defendant, Alpheus· Tucker, not being found. The garnishee answered, alleging that he had under his control the sum of $300, belonging to said defendant, which he had received in settlement of certain actions upon policies of insurance in favor of such defendant and of Clara E. Tucker, his wife, and that of said amount Clara E. Tucker claimed the sum of $220. It is stated in the printed case that Clara E. Tucker was interpleaded as a defendant in the action; that "judgment was duly rendered against the said garnishee, *S. A. Corning,* and the said Clara E. Tucker, interpleaded as aforesaid, on the 2nd day of July, 1879, which judgment was vacated and set aside by an order of said court on the 3d day of September, 1879; " and that Clara E. Tucker served an unverified answer upon the plaintiffs with notice of the motion to vacate the judgment above mentioned, but never served any other answer. The answer of Clara E. Tucker, which is annexed, as an exhibit, to the bill of exceptions, alleges, in substance, that the money in the hands of the garnishee is her separate property, in no way liable for the debts of Alpheus Tucker. It is further stated in the printed case, that " the plaintiffs duly filed and served their notice in writing that they elected to take issue on the answer in said action; " and that " the said action came on for trial upon the complaint and answer of the garnishee, and judgment was rendered on the 17th day of September, 1880, in favor of the said Clara E. Tucker, impleaded, and against the plaintiffs, and for the sum of $29, costs of action, from which said judgment, this appeal is taken." The judgment recites that "the trial of this issue in the above action, made by the complaint of the plaintiff and the answer of the said defendant, Clara E. Tucker, came on to be tried and was tried by a jury," etc. It further recites the verdict of the jury that the garnishee has in his hands $70 belonging to Alpheus Tucker, and $220 belonging

to Clara E. Tucker, and adjudges that the garnishee pay said sum of $220 to Clara E. Tucker, and that she recover costs taxed at $29, from the plaintiffs. The plaintiffs appealed.

The view taken by this court of the evidence, and of the charge of the court below, will appear from the opinion.

*John K. Parish*, for the appellants.

*G. W. Cate*, for the respondents.

ORTON, J. The garnishee having disclosed that *Clara E. Tucker* claimed a part of the moneys in his hands sought to be reached by the plaintiffs in their proceeding of garnishment, and she having been ordered to interplead according to the provisions of section 2767, R. S., and having answered, claiming that the sum of $220 of such moneys belonged to her in her own right, and the plaintiffs having taken issue, and proceeded to trial before a jury on such issue, it was then too late to object to her answer that it was not verified or out of time. The questions put to the garnishee on the trial, relating to the settlement of the suits against the insurance company, and the settlement of the plaintiff's claim out of the insurance moneys, and the agreement of the parties in respect to the same, may have been proper, and the sustaining of the respondents' objection to the same may have been erroneous; yet such error, if any, was cured by the garnishee afterwards testifying fully as to all the matters embraced in such inquiry. He stated fully that he settled with the insurance company and obtained a certain amount on account of the policy to Alpheus Tucker, and the one to *Clara E. Tucker*, and that *Clara E.* consented to the use of her money in the hands of the garnishee in the payment of the plaintiffs' claim and other claims against her husband; and that, after the moneys were received by him, *Clara E. Tucker* countermanded and withdrew such consent.

It is objected that she could not countermand such authority, and that she should be estopped from so doing. But she unquestionably could so countermand the authority of her agent

before the money was actually paid to the plaintiff; for her promise or agreement was merely voluntary and without consideration, and verbal.

It appeared in evidence that Alpheus Tucker, the husband, owned a stock of goods within a store building belonging to *Clara E.*, his wife, and that they sold both the goods and store to one Cone, and that she deeded to Cone the store building and lot on which it stood, and received in consideration therefor certain tracts of pine lands, which were deeded to her by Cone; and Cone testified fully about this transaction. The learned counsel of the appellants offered in evidence a certified copy of that deed from Cone to her, and the court sustained the objection of the respondents to such offer, and this is assigned as error. The deed, or a certified copy of it, was probably admissible and competent evidence, but it was certainly quite immaterial and unnecessary as bearing upon the claim that the property in the pine lands was nominally in *Clara E.*, the wife, but that they really belonged to Alpheus Tucker, the husband, and that the conveyance was to defraud his creditors. There was nothing in the peculiar form of the deed itself which could throw any light upon the question, and the fact that such a deed was actually made was fully in evidence, and all the facts and circumstances relating to it.

It appeared in evidence, as near as we can understand it (for the evidence was very meager and somewhat disconnected, and not so clear to us as it evidently is to the learned counsel on both sides, who knew many things which were not proved), that the store building insured was purchased by *Clara E. Tucker*, and the legal title was conveyed to her, and that she formerly owned a store and lot at another place, which she sold to Cone, and Cone deeded to her on the purchase of it certain pine lands of considerable value. She therefore had a separate estate before she bought the store on which she obtained the insurance money. It does not appear whether she used the proceeds of these pine lands as purchase money of the

store, but it may well be presumed that she did, in the absence of all proof on the subject, when her title is questioned on this record on the ground that it is not shown that she purchased the store building and lot with her own means or separate property.

There was no motion for a new trial, and we shall therefore say nothing more on the merits of the case. The charge of the learned judge appears to have been clear and fair, and not liable to criticism. The jury found that the garnishee held in his hands $70 belonging to the defendant Alpheus Tucker, and $220 belonging to *Clara E. Tucker*, and the court ordered the $220 paid to *Clara E. Tucker*, and rendered judgment in her favor against the plaintiffs for costs. The practice in such a case is new and unsettled, and whether this order was proper, or whether judgment should have been rendered in favor of the claimant against the garnishee in such a case, or whether neither course should be pursued and the money left in the hands of the garnishee, we do not choose to decide on this appeal, because the question is not involved, as the plaintiffs are not interested in it, and it is immaterial to them how the claimant obtains the money after it has been duly found to belong to her, or whether she gets it at all. The judgment for costs was clearly proper. The finding appears to be ready for the plaintiffs to take judgment against the garnishee for $70.

*By the Court.*—The judgment of the circuit court is affirmed.