Braunsdorf vs. Fellner.

BRAUNSDORF, Appellant, vs. FELLNER, Respondent.

*September 6 — September 20, 1887.*

ATTACHMENT: *Traverse of affidavit, allegations and verification of: Waiver of defects.*

1. A special answer traversing an affidavit for a writ of attachment, under sec. 2745, R. S., need not allege that the defendant's property has been seized under the writ.

2. Where the affidavit for the attachment alleges as a cause therefor that "the defendant is about to assign, convey, and dispose of his property, with intent to defraud his creditors," the truth or falsehood as to the fact alleged is necessarily within his knowledge, and in the verification of a special answer traversing such affidavit it is sufficient to state that "he has heard read the foregoing special answer, and that the same is true," without adding thereto the words "of his own knowledge."

3. If a plaintiff in attachment goes to trial upon the issue raised by a special answer traversing his affidavit for the writ, without objecting to the insufficiency of the verification of such answer, he thereby waives the objection.

APPEAL from the Circuit Court for *Door* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *C. A. Dean*, attorney, and *G. W. Foster*, of counsel, and for the respondent on that of *Timlin & Manseau*, attorneys, and *Turner & Timlin*, of counsel.

For the appellant it was argued that the verification was the main and essential element of the traverse, and in this case the verification is insufficient in not stating that it was true of defendant's "own knowledge." Secs. 2666, 2745, R. S.; 2 Till. & Shearm. Pract. 35, 36; 1 Boone, Code Pldg. sec. 34.

For the respondent it was argued, *inter alia*, that plaintiff had waived all objection to the verification by going to trial on the issue made by the answer without objection. *Kirby v. Corning*, 54 Wis. 599; *White v. Cummings*, 3 Sandf. 716.

Lyon, J.   A writ of attachment was issued in this action, and a sufficient affidavit to authorize the execution thereof annexed to it.   The defendant filed a traverse of such affidavit, which was tried, and the issue made thereby was found for the defendant.   Upon such finding the court made the order required by sec. 2746, R. S.   The plaintiff has appealed from such order, and assigns two reasons for its reversal.   These are: (1) That the traverse is not properly verified; and (2) that it is not alleged therein that any property of the defendant had been seized under the attachment.   It is maintained that either of these alleged defects renders the traverse void, and invalidates the order based upon it, from which this appeal is taken.

1. The traverse is a special answer (sec. 2745), and doubtless should be verified like any other pleading.   The verification of this traverse was by the defendant, and is that " he has read the foregoing special answer, and that the same is true."   Were the traversed allegations of the affidavit, annexed to the attachment, such as might or might not be within the knowledge of the defendant, there might be good reason to say he ought to have added to his verification the words " of his own knowledge."   Sec. 2666.   But when the truth or falsity of the traversed averments must necessarily be within the knowledge of the party making the verification, there seems to be no good reason for requiring those words to be used.   The traversed fact stated in the affidavit annexed to the attachment is that " the defendant is about to assign, convey, and dispose of his property, with intent to defraud his creditors."   The traverse or special answer is that this averment is false.   The defendant necessarily knows whether it is true or false, and when in his verification he swore it was false (for such is the effect of the verification), he swore to a fact necessarily within his own knowledge.   In such a case, we think, there is no rule of law which requires him to add to his verifica-

·tion the words "of his own knowledge," for, manifestly, they would add no force. to his positive statement that the traverse is true. No other objection is made to the verification. We must hold that the objection is not well taken.

Moreover, the plaintiff went to trial, and the issue made by the traverse was tried and determined without objection. This, we think, would operate as a waiver of any defect in the verification, were there any. *Kirby v. Corning*, 54 Wis. 599. We cannot agree with counsel for plaintiff in the proposition that an accurate verification is essential to the validity of the traverse, under all circumstances, and with·out regard to the time and manner of making objections to it..

2. The proposition that the traverse is fatally defective, because it fails to allege the seizure of defendant's property under the attachment, requires but little discussion. The statute gives the right of traverse to the defendant, if he exercises it within ten days after notice of the issuing of a writ of attachment against his property, or within the time in which he may answer the complaint in the action. Sec. 2745. He is not required to wait until after his property is seized, but may attack the affidavit as soon as it is interposed. He may thus avoid the attachment of his property either by virtue of the original writ, or under *alias* writs issued to other counties pursuant to sec. 2735. It may be of the most vital importance to a defendant against whose property a writ of attachment has been wrongfully issued, to prevent its execution by a seizure of his property. The statute evidently intends to give that remedy, else it would have required the defendant to allege in his traverse that his property had been seized. Of course, if no property has been seized under the writ, none can be returned to the defendant pursuant to sec. 2746, and no damages can be awarded for a seizure, yet in all cases, if the defendant prevail on the trial of the traverse, he may recover his costs.

It would be a strange construction of the statute to hold, because it gives relief co-extensive with any case that can arise, that, therefore, no case is within it unless the defendant, who prevails on his traverse, is entitled to all the relief which the statute gives. It is sufficient if he is menaced with an attachment ready for execution by having the required affidavit annexed. He need not wait for a seizure of his property, but may attack the proceeding by traverse at once, and, if successful, he renders the attachment powerless for mischief to him, and recovers his costs, although his property has not been seized, and he is not entitled to any damages or return of property. This is, we think, the most reasonable and just construction of the statute authorizing a traverse of the affidavit.

The foregoing views dispose of the errors assigned adversely to the plaintiff. It follows that the order appealed from must be affirmed.

*By the Court.*— Order affirmed.