Morawitz and another, Respondents, vs. Wolf and another, Appellants.

*January 11 — January 31, 1888.*

*Attachment: Dissolution: To whom property to be delivered: Assignee for benefit of creditors.*

1. The requirement of sec. 2746, R. S., that if, on the trial of the issue raised by the traverse of an affidavit for an attachment, the court find for the defendant, "an order shall be entered that the property attached be forthwith delivered up to the defendant," is imperative, and such order must be entered even though it will be inoperative.
2. In such a case an order that the property be delivered to the defendant's assignee for the benefit of creditors is prejudicial to the defendant and will be reversed on his appeal, even though, in a proceeding to which the defendant was not a party, the assignment has been held to be valid as between him and the assignee.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion.

*James J. Dick* and *James E. Malone*, for the appellants.

For the respondents there was a brief by *K. C. Lewis*, and oral argument by *E. C. Lewis*. They contended that the assignee was entitled to the property taken on the writ of attachment. As between the assignee and the defendants the assignment is valid ( *Vernon v. Upson*, 60 Wis. 418, 422) and transfers all the defendant's interest in the property to the assignee. The assignee, as well as the plaintiffs and other creditors, have interests which the court was bound to protect. The assignment being void as to creditors, the assignee is liable as garnishee. *Keep v. Sanderson*, 2 Wis. 42; *Vernon v. Upson*, 60 id. 418; *Prentiss v. Danaher*, 20 id. 311. The defendants are not "aggrieved" by the order, and hence could not appeal. R. S. sec. 3048; *McGinnis v. Wheeler*, 26 Wis. 651; *McGregor v. Pearson*, 51 id. 122; *Eureka S. H. Co. v. Sloteman*, 67 id. 118. The case last

cited and the case of *Keith v. Armstrong*, 65 Wis. 225, are authorities for making the order herein.

LYON, J.    Plaintiffs commenced an action against defendants, and caused to be issued therein a writ of attachment, by virtue of which the sheriff seized certain goods and chattels as the property of the defendants.    The defendants traversed the affidavit annexed to the writ of attachment, and the issue made by such traverse was tried and found for the defendants.    The court thereupon made an order directing that the property attached be forthwith delivered up to one C. J. Clark, who is alleged to be the assignee of the defendants under a voluntary assignment for the benefit of their creditors.    This appeal is by the defendants from such order.

The only question for determination is whether the order should not have been that the attached property be delivered up to the defendants instead of their alleged assignee.    The question is a very plain one.    It is provided by statute (R. S. sec. 2746) that "if he court, on the trial of such issue, shall find for the defend nt, the judge presiding shall tax the defendant's costs of such trial, and an order shall be entered that the property attached be forthwith delivered up to the defendant."    The statute is imperative, and contains no exception whatever.    The order must be entered in every case, pursuant to its requirements, or it is error. It is quite immaterial that the circumstances of the case may be such that the order, when entered, will be inoperative.    Such order certainly would be inoperative where the traverse is interposed (as it may be) before any property is seized under the attachment.    *Braunsdorf v. Fellner*, 69 Wis. 334, was such a case, yet this court affirmed an order for a return of property to the defendant.

The binding obligation of statutory requirements in respect to pleadings is well illustrated in the decisions of this

court under the statute requiring the plaintiff in ejectment to state in his complaint that the defendant unlawfully withholds from him the possession of the premises claimed. R. S. sec. 3077. An action of ejectment may be maintained in certain cases against one not in actual possession of such premises (sec. 3075); and this court has held, on demurrer, that even in such a case the statutory requirement is imperative, and the omission of the averment that the defendant unlawfully withholds the possession of the premises from the plaintiff is fatal to the complaint. *Platto v. Jante*, 35 Wis. 629, and cases cited in the opinion; *Haight v. Clifford*, 42 Wis. 571. A statutory form of judgment must be followed with like fidelity.

It may be urged, however, that under the circumstances of this case such error cannot prejudice the defendants, and hence that it should not work a reversal of the order. Such circumstances, as proved on the trial of the traverse, are briefly as follows: The defendants attempted to assign their property to Clark for the benefit of their creditors. The property so assigned was seized by the sheriff under the attachment herein and another attachment issued at the suit of another creditor of the defendants. The assignee, Clark, brought an action of replevin against the sheriff for the attached property, and the same was taken from the sheriff by virtue of the writ of replevin therein, and delivered to the assignee. On the trial of the replevin suit, the assignment executed by the defendants to Clark was held void as against the creditors of the defendants, but valid as against the assignors. Such trial resulted in a judgment for the sheriff for a return of the property replevied, or the value thereof. That case is also here on appeal, and is decided herewith. [*Clark v. Lamoreux, ante*, p. 508.]

It may seem, at first view, that if such assignment is valid as against the defendants, and hence if the property attached in this action is returned to them, the right thereto

will immediately vest in the assignee, who may at once re-
claim it from them, it can make no difference to them if
the order stands for the delivery of the property in the first
instance to the assignee. The fallacy of this view will ap-
pear when it is considered that the defendants are not
parties to the replevin suit by the assignee against the sheriff,
and hence are not bound by the adjudication that their
assignment to Clark is valid as against them. They have
not yet had their day in court on that question. So, when
the attached property is delivered to them, they may con-
test the claim of the assignee therefor, and defeat it by
showing that the assignment is void as against them also
for any cause. To enable them to do so, it is essential that
they should be parties to some action or proceeding affect-
ing the property. To order the property delivered to the
assignee would, or might, impair that right. Hence the
defendants are, or may be, prejudiced thereby, if the order
requiring the property to be delivered to the assignee should
be allowed to stand.

*By the Court.*— Order reversed, and cause remanded with
directions to enter an order for the delivery of the attached
property to the defendants.