FRIEDERICK *et al. v.* PERKINSON.

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

MASTER AND SERVANT—WORK ORDERED BY SERVANT—LIABILITY OF MASTER.

A person who receives orders from a servant for work after he has been notified by the master that he will pay for no work except such as is done on his written order, cannot recover for such work against the master; nor will orders afterwards given by the master personally amount to a waiver of such notice.

Appeal from ninth district court.

Action by Edward H. Friederick and others against Lawrence E. Perkinson. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*William Watson,* for appellant. *A. MacDonald,* for respondents.

BOOKSTAVER, J. The plaintiffs were harness-makers, and the action is brought to recover a balance claimed to be due them for making and repairing harness for the defendant from September 20, 1890, to May 4, 1891. The whole amount of the bill was $120.65, and defendant paid on account $100, and admitted owing a bill of $14.10, which he had before tendered, and which he paid into court at the commencement of the action; so that the only amount in dispute upon the trial was $6.55, and the action was defended more on principle than for the amount involved. Along in November or December, 1890, the plaintiffs rendered a bill to defendant for work done and for repairs made, etc., which included a number of items the defendant had not ordered. He at first refused to pay for these items, and afterwards said that he would pay the bill then presented, but would pay no more bills like it, and notified plaintiffs not to make any repairs for him on his harness without a written order from him, and if they did he would not recognize it, or pay for the work. On the trial it was conceded by the plaintiffs that the work subsequently done by them, and which the defendant refused to pay for, was done upon verbal orders from persons other than the defendant. There is not a *scintilla* of evidence in the case that these items, amounting to $6.55, were ever ordered by the defendant in person, or by any one authorized by him. They received their orders from stablemen, defendant's coachman, or Mr. Hendricks, the livery stable keeper. Mr. Hendricks testified that he had received no orders from the defendant to have the work done, and there was no authority shown as to either the stablemen or the coachman to order work; and defendant testified that he knew nothing about the work ever having been done until the bill was rendered.

It is elementary law that in order to bind a person he must be a party to the contract, either express or implied, or that the contract must be made, or the obligation incurred, by some one having authority from the party to be bound. The plaintiffs attempted to show a waiver of the notice, because the defendant himself, after giving it, had personally ordered certain work to be done by the plaintiffs. This was no waiver, because the notice given to them contemplated orders made by third parties, and not by the defendant personally. The testimony shows that plaintiffs were in the habit of going around from stable to stable, getting orders from employes, of rendering bills to the stables, and not to the parties to whom the harness belonged, probably depend-

ing upon no questions being asked as to the correctness of the bills by those boarding horses at the stables. Every one keeping horses and carriages, and even every householder, knows the amount of petty annoyance which has been occasioned by the unauthorized orders of servants, and the amount of trifling dishonesty such practices have caused, and the temptation to unfaithfulness put in the way of servants by such tradesmen. The sooner this practice, is stopped, the better for the morals of the community. It is time that mechanics and tradesmen understood that they cannot recover for work done or goods obtained by servants, unless authorized by the master, and that they are bound at their peril to know whether there is such authority in the servant or not before they can recover. The strict enforcement of the principles of law applicable to such cases will tend strongly to increase the honesty and fidelity of servants. The learned judge who tried this case is uniformly painstaking and careful, but must, in this instance, have overlooked the proof of want of authority. The judgment should therefore be reversed, with cos ts to the appellant.