Johnson, Appellant, vs. Youngs, Respondent.

*March 24 — April 12, 1892.*

*Agency: Revocation of authority: Notice.*

Plaintiff being dissatisfied with the conduct of his agent, C., in his relations with the defendant, instructed his attorney, D., to act in the settlement of a certain matter with defendant. D. thereupon went to defendant and showed him his authority to represent plaintiff, and told defendant to settle the matter with him and not with C. *Held,* that this was a sufficient notice to defendant of the revocation of C.'s authority, and that a subsequent settlement between defendant and C. was not binding on plaintiff.

APPEAL from the Circuit Court for *Door* County.

The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *O. E. & Y. V. Dreutzer,* and oral argument by *J. M. Olin.*

For the respondent there was a brief signed by *F. J. Hamilton,* attorney, and stated to be by *Greene & Vroman,* of counsel, and the cause was argued orally by *C. E. Vroman.*

Orton, J. The plaintiff's first cause of action is for logs sold to the defendant in the winter of 1889 and 1890; the second, for work and labor of plaintiff's men and use of teams; and third, for goods, wares, and merchandise, board of men, team-work, and for money paid. The defendant, besides a denial of the several causes of action, alleges in his answer a full settlement thereof and full payment be-

fore the commencement of the suit.    The main question in the case is such settlement.

It appears that the parties, previous to that time, had extensive dealings with each other in logs, lumber, merchandise, supplies, and in other matters, at the same place; and the business was mostly done through one M. C. Clark, as agent of the plaintiff, and they disagreed about the same to the extent of a lawsuit between them, which was still pending when these transactions took place; and it further appears that the plaintiff was dissatisfied with the conduct of said Clark in his relations with the defendant, as his agent, to the knowledge of the defendant, in respect to such previous transactions as well as in respect to the matters of this suit.    It seems that the said Clark, pretending to act as the agent of the plaintiff, made a settlement of the matters of this action with the defendant about the 28th day of April, 1890.    The plaintiff claims that previous to this, about the 23d day of April, 1890, he had discharged the said Clark from such agency, if any he had, and that he was no longer his agent to settle these matters, or for any purpose, and notified the defendant thereof.    The court found that the plaintiff did not know of said dealings between said Clark and the defendant until about the middle of April, 1890; and that he was dissatisfied with said dealings, because he and the defendant were then in litigation over the prior dealings between them, and instructed Y. V. Dreutzer, Esq., his attorney, "to go and have the matter settled or to commence suit by attachment."    The court further found "that on April 23, 1890, said Dreutzer went to the defendant, showed his authority to represent the plaintiff, and told the defendant to settle the matter with him and *not with Clark;*" and found also "that said Dreutzer did not inform the defendant that the authority of Clark to represent and act for the plaintiff *had been revoked.*"    The court then found, in effect, that the defendant and

Clark settled all these matters on the 28th day of April, 1890; and that Clark took slabs for about $1,000, due the plaintiff on the settlement, "*without any notice that Clark's authority to act for the plaintiff had been limited or revoked;* " and that the settlement was within the scope of Clark's apparent authority as agent for the plaintiff.

On this main question in the case the court finds, *first*, that Dreutzer told the defendant "to settle with him, *and not with Clark;* " *second*, that Dreutzer did not inform the defendant that Clark's authority "*had been revoked;* " *third*, that the settlement was made without any notice that Clark's authority "had been limited or revoked." These last two findings are in direct contradiction with the first. The defendant was told by Dreutzer, the attorney of the plaintiff, four or five days before the settlement with Clark, *not to settle with Clark.* Was not that sufficient notice that Clark's authority to settle had been *limited* or revoked? The defendant knew that he was in litigation with the plaintiff about their previous dealings, and that the plaintiff was dissatisfied with the relations between Clark and himself; and he ought to have known that the plaintiff did not wish to open new dealings with him, and these last transactions were kept a secret from the plaintiff; and that the plaintiff was only a short time before informed of them. The letter of Dreutzer, authorizing him to settle, which the court found was shown to the defendant, stated that the plaintiff had told Clark not to have anything to do with him about these matters, and that it was a "put-up job from the start." In addition to all this, Dreutzer told him *not to settle with Clark.* The court found that Dreutzer so told the defendant, although the defendant denied it under oath. There could not have been a stronger revocation of authority to settle with Clark. This first finding is of a *fact;* and the two others are conclusions of law merely, and they do not follow the fact. The court should have found

as conclusions that Clark's authority to settle was revoked, and that the defendant was notified of it.

Notice by the principal to the person with whom the agent has done business for the principal, that he will not be allowed to do a particular thing in the future, is revocation of his authority to do it. *Friederick v. Perkinson,* (Com. Pl. N. Y.) 17 N. Y. Supp. 501. Notice that the principal has withdrawn his consent for the agent to do a particular thing is a sufficient revocation of his authority to do it, to the person who has had previous dealings with the agent. *Kirby v. Corning,* 54 Wis. 599. The revocation of the agent's authority depends upon *notice* to the persons with whom the agent has had dealings for his principal. Story, Agency, § 470, and note.

Telling the defendant not to settle with Clark as the agent of the plaintiff, but to do so with Dreutzer, was not only a revocation of his authority to do so, but a specific direction and imperative order that he should not do so; and the defendant must have so understood it. He at once entered upon a settlement with Dreutzer to the knowledge of Clark, and it was only suspended for the time being, that Dreutzer might correspond with the plaintiff. But before this could be accomplished the defendant makes haste to settle with Clark. He understood perfectly well that he had no right to do so. The settlement with Clark, as the agent, under such circumstances, was not only in excess of Clark's authority, but it was a fraud upon the plaintiff, and a fraudulent collusion with Clark to injure him. Clark also had ample notice that his authority was revoked. Dreutzer was a disinterested witness, and the circumstances corroborate his testimony.

The court found that the plaintiff knew nothing about these transactions of the winter of 1889 and 1890 until a few days before the attempted settlement with Dreutzer. This secrecy casts a suspicion upon the whole transaction,

Johnson vs. Youngs.

and the matters should have been scrutinized with the view of arriving at their honest adjustment. The plaintiff seems to think that there was collusion between Clark and the defendant in all of these transactions for their joint benefit and to defraud him. The plaintiff no doubt supposed that after his former dealings with the defendant, which resulted in litigation, Clark understood that he was to have no more dealings with him for the plaintiff, and that the defendant so understood also. It appears that, as soon as the plaintiff discovered what had been done, he hastened to revoke Clark's authority to settle the same for him, and appointed another agent to do so; and we are satisfied, even from the findings of the court, that the plaintiff did revoke Clark's authority to make the settlement, and notified the defendant of it before such settlement was made. It is to be presumed that the circuit court did scrutinize these transactions between the defendant and Clark, and made the finding "that on the 28th day of April, 1890, there was a balance due from said *Youngs* to said Clark " (for the plaintiff) of $697.66. It appears that after this balance had been ascertained by the defendant and Clark, on the 28th day of April, 1890, the defendant, in order to pay it and balance the account, induced Clark to take a quantity of slabs, which the plaintiff claims was worthless. This, having been done after the revocation of Clark's authority, is not binding on the plaintiff, and the defendant is not entitled to such a credit, and the balance due the plaintiff, according to the finding of the court upon evidence, is the above sum.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render a judgment in favor of the plaintiff for the sum of $697.66, with interest from the 28th day of April, 1890.