FRANK R. TRAVERS, an infant, by his next friend, THEODORE F. TRAVERS, *vs.* JOHN G. HARTMANN.

THEODORE F. TRAVERS, *vs.* JOHN G. HARTMANN.

1. NEGLIGENCE—PRESUMPTIONS—CAPACITY OF INFANTS.

The law presumes as a general rule, until the presumption is rebutted by evidence to the satisfaction of the jury, that an infant after reaching the age of fourteen years has sufficient discretion and understanding to be responsible for his wrongs, to be susceptible of danger, and to have power to avoid it.

2. MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES.

A person, injured in a collision between an automobile and a bicycle, could not recover, unless defendant was negligent, and he was free from negligence proximately contributing to the accident.

3. NEGLIGENCE—ACTS AND OMISSIONS CONSTITUTING.

Negligence is the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances.

4. MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—ACTIONS FOR INJURIES—BURDEN OF PROOF.

In an action for injuries sustained in a collision between an automobile and a bicycle, the burden was on plaintiff to show to the satisfaction of the jury that the accident was caused by defendant's negligence, as negligence is never presumed, but must be proved.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CHILDREN.

While the rule as to contributory negligence is modified in favor of children, it is the duty of children to exercise that degree of care to avoid injuries which children of the same age are accustomed to exercise under like circumstances; and whether a boy fifteen years old was guilty of contributory negligence depended on whether he exercised that degree of care and caution which a reasonably prudent person of his age, general development, and maturity would exercise, considering his maturity and capacity, his ability to understand and appreciate the danger, and his familiarity with the surroundings.

6. MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES—"UNAVOIDABLE ACCIDENT".

An accident which could not be prevented by the exercise of ordinary care and prudence is termed an "unavoidable accident", and would not support a recovery by a person injured in a collision between an automobile and a bicycle.

7. MUNICIPAL CORPORATIONS—USE OF STREETS—LIABILITY FOR INJURIES.

An operator of an automobile and a bicycle rider had an equal right to lawfully use the public streets, and each had a right to assume and act upon the assumption that the other would exercise ordinary care and caution, and not negligently and carelessly expose himself to danger, but that he would attempt to avoid danger.

8. MUNICIPAL CORPORATIONS—USE OF STREETS—LIABILITY FOR INJURIES.

A traveler, proceeding with due care and caution on the right side of a street, is justified in assuming that another traveler going in the opposite direction on the wrong side of the street will do all that a reasonably prudent person under all the circumstances would do to avoid a collision, and, if he does all that a reasonably careful and prudent person would do to prevent an accident, cannot be held responsible for a collision.

9. MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

Under a city ordinance requiring vehicles to keep as near the right-hand curb as practicable, except when passing another vehicle, a bicycle rider, proceeding on the left-hand side of the street, was guilty of negligence *per se*, if, considering his age, degree of intelligence, activity, prudence and discretion, he was capable of violating and did violate such ordinance, and could not recover for an injury of which such negligence was the proximate cause, or one of the proximate contributory causes.

10—MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES.

The driving of an automobile on a city street at a rate of speed unlawful under a statute or ordinance is negligence *per se*, and renders a party liable for injuries of which such negligence is the proximate cause.

11. MUNICIPAL CORPORATIONS—NEGLIGENT USE OF STREETS—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

A person, injured in a collision between an automobile and a bicycle, could not recover, if both he and defendant were negligent, and the negligence of both operated at the time and proximately entered into the accident.

12. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—LIABILITY.

The acts of a person's chauffeur in operating an automobile within the authority of his employment are the acts of a servant, for which his employer is responsible.

13. EVIDENCE—WEIGHT AND SUFFICIENCY—POSITIVE AND NEGATIVE EVIDENCE.

As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character.

14. TRIAL—QUESTIONS FOR JURY—WEIGHT OF EVIDENCE.

The jury are the sole judges of the credibility of the witnesses and the weight of the testimony.

15. EVIDENCE—CONFLICTING EVIDENCE—DUTY TO RECONCILE.

Where the evidence is conflicting, it is the duty of the jury to reconcile it if they can; but, if they cannot reconcile it, they should accept that testimony which they believe to be worthy of credit, taking into consideration the apparent fairness of the witnesses, their intelligence, knowledge, and the opportunities for seeing and observing the facts:

16. EVIDENCE—BURDEN OF PROOF—DEGREE OF PROOF REQUIRED.

In a civil action, the jury are to be controlled in reaching their verdict by the greater weight and preponderance of the evidence.

17. DAMAGES—PERSONAL INJURIES—ELEMENTS OF DAMAGES.

In an infant's action for personal injuries, the verdict should be for such a sum as will reasonably compensate him for his injuries, including his pain and suffering in the past, and such as may come to him in the future, and for permanent injuries, if any, resulting from the accident.

18. PARENT AND CHILD—ACTIONS FOR INJURIES—DAMAGES.

A father, suing a person through whose negligence his son suffered personal injuries, was entitled to recover such a sum as would reasonably compensate him for his expenditures for medicines and medical attendance, and for such permanent loss of his son's services during his minority as he had sustained or might sustain.

(*December* 8, 1914.)

Judges BOYCE and RICE sitting.

*W. W. Knowles* for plaintiffs.

*Robert H. Richards* and *Aaron Finger* for defendant.

Superior Court, New Castle County, November Term, 1914.

TWO SUMMONS CASES (Nos. 45, May Term, 1914, and 143, September Term, 1914), one by Frank W. Travers, an infant, by his next friend (and father), Theodore F. Travers, for personal injuries, and the other by Theodore F. Travers, for loss of services of his son, against John G. Hartmann. Verdict for plaintiff in each case.

RICE, J., charging the jury:

Gentlemen of the jury:—You have been impaneled to try two cases and you will be called upon to render a verdict in each case.

The first action was brought by the plaintiff, Frank W. Travers, an infant, by his next friend, Theodore F. Travers, against John G. Hartmann, the defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of being negligently run into and knocked from the bicycle on which he was riding, by an automobile owned by the defendant and operated by his chauffeur, on the fifteenth day of March, A. D. 1914, on a public street in the City of Wilmington.

The second action was brought by Theodore F. Travers, the father of the infant plaintiff in the first action, against the same defendant, to recover for money laid out and expended by him, in

Charge.

medicines and medical treatment, for his son Frank W. Travers, and for the loss of the son's services, by reason of his injuries.

The declarations, as they now stand, each contain three counts, and the negligence charged against the defendant in the operation of his automobile are (1) that it was run in a negligent manner at an unlawful and dangerous rate of speed; (2) that it was run at a high and dangerous rate of speed without stopping or attempting to stop it, after the chauffeur saw or could have seen that Frank W. Travers was in danger of being struck by the automobile; (3) without giving notice or warning of the approach of the automobile.

The averments contained in the first count will give you a general idea of the plaintiffs' claims, and substantially and briefly are: That John G. Hartmann, the defendant, was the owner of an automobile operated and run by his chauffeur or servant over and along Market Street, at or near a point where Market Street and King and Sixteenth Streets come together, forming a junction or crossing, and on the fifteenth day of March, 1914, the defendant by his chauffeur negligently and carelessly drove or run said automobile at an unlawful and dangerous rate of speed, knowing that Frank W. Travers was riding a bicycle at the time, in crossing from Market Street to Sixteenth Street, and in the exercise of due care and caution on his part, and by reason of the carelessness of the chauffeur said automobile ran into and struck with great force and violence the said Travers, and by means of the premises, he was permanently and seriously injured.

The defendant denies the acts of negligence charged against him, and claims that the automobile, in the locality mentioned was being run south on Market Street at a reasonable and lawful rate of speed, on the westerly or right-hand side of the street in the direction the automobile was running, and Travers was proceeding on his bicycle, in a northerly direction on the left-hand side of the street in the direction he was going, in a careless and unlawful manner, and at a high and dangerous rate of speed, and by reason of Travers' own negligence he ran into the automobile. The defendant claims that his servant blew the horn on the automobile as a warning, and he did everything that he was required

to do to avoid the accident. It is also claimed on behalf of the defendant that the collision of the bicycle and automobile was an unavoidable accident.

We suggest to you that you wholly divest yourselves of any feelings of sympathy or bias, one way or the other, and calmly and deliberately consider and determine these cases, upon the evidence produced before you on the witness stand considered in connection with the law which we are about to announce to you.

[1] It is claimed by the defendant and not denied that Frank W. Travers, the infant plaintiff, was over fifteen years of age at the time of the accident and prior thereto he was normal in all respects. The law presumes as a general rule that an infant, after reaching the age of fourteen years, has sufficient discretion and understanding to be responsible for his wrongs, to be sensible of danger and have power to avoid it, and this presumption exists until it is rebutted by evidence to the satisfaction of the jury.

[2-4] The basis and gist of this action is negligence, and before a recovery can be had, by the plaintiffs, it must be shown that the defendant negligently violated some duty which he owed to the infant plaintiff. Negligence has often been defined by this court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances. Negligence is never presumed. It must be proved, and the burden of proving to the satisfaction of the jury that the accident in question was caused by the negligence of the defendant rests upon the plaintiff. For the plaintiffs to recover in these actions it must appear from the evidence not only that the accident was caused by the negligence of the defendant, but also that the infant himself was free from negligence which contributed proximately to the accident, for if it should appear that the boy was not so free, then he would be guilty of contributory negligence, in which case the plaintiff would not be entitled to recover, for the reason that the law will not attempt to measure or apportion the negligence attributable to each party to an accident.

[5] In determining the question whether the infant plaintiff was himself guilty of contributory negligence, you are to con-

sider whether he was exercising that degree of care and caution which a reasonably prudent person of his age, general development and maturity would exercise under like circumstances. While the rule as to contributory negligence is modified in favor of children, nevertheless it is the duty of children to exercise that degree of care to avoid injuries which children of the same age are accustomed to exercise under like circumstances, and the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with the surroundings in each particular case, are all matters to be taken into consideration in determining this question.

[6]   An accident which could not be prevented by the exercise of ordinary care and prudence is termed an unavoidable accident, and if you should believe from the evidence that the collision in question was of such a character the plaintiff is not entitled to a recovery.

[7]   An operator of an automobile and a traveler on a bicycle have equal right to lawfully use the public streets, and each has the right to assume and act upon the assumption that the other will exercise ordinary care and caution according to the circumstances, and will not negligently and carelessly expose himself to danger but will attempt to avoid it.

[8]   A traveler who is proceeding, with due care and caution, on the right side of a street, is justified in assuming that another traveler coming in the opposite direction on the wrong side of the street will do all that a reasonably prudent person under all the circumstances would do to avoid a collision, and if they should collide with each other, the traveler on the right side of the street should not be held responsible, if he did all that a reasonably careful and prudent person would have done to prevent the accident.

The following are respectively provisions of the statute law of this state, and, by resolution of the street and sewer department of the City of Wilmington, ordinances of the city.

*Section* 14, *Chapter* 120, *Volume* 25, *Laws of Delaware*, 219, is as follows:

"The following rates of speed may be maintained but not exceeded: Upon any public street or highway where the buildings are less than an average distance apart of one hundred feet, a rate of speed of one mile in five minutes shall be permitted, but not exceeded, which, however, shall be reduced to the [rate] of one mile in ten minutes at curves and at intersections of other streets or highways," etc.

Ordinances:

"A vehicle turning into an intersecting street on the left shall turn around the center of intersection of the streets." *Section* 6 of *Article* 1 of the *Traffic Regulations of the City of Wilmington.*

"A vehicle shall keep as near the right-hand curb as practicable, except when passing a vehicle ahead." *Section* 1 of *Article* 1 of said *Traffic Regulations.*

"No cycle, bicycle or tricycle shall move at a greater rate of speed than seven miles an hour when passing over or upon any street, highway or bridge, and shall sound a bell or gong when necessary to warn persons of their approach." *Page* 1022 of *Charter Laws and Ordinances of the City of Wilmington, Del.,* 1910.

"That any person or persons riding a bicycle along any of the streets or highways within the limits of the city as they exist or may hereafter be extended shall, while so doing, keep to the right of said streets or highways." *Page* 1023 of *Charter, Laws and Ordinances of the City of Wilmington, Del.,* 1910.

[9] It is held by the courts of this state that a violation of a statute or a city ordinance amounts to negligence in law, whether any positive or active negligence be proved or not. It is what is commonly known in law as negligence *per se.*

The above statute law and ordinances are to be considered by you in determining whether at the time of the accident the infant plaintiff or defendant or both were guilty of negligence of this character.

If you should find from the evidence that at and immediately prior to the time of the accident Frank W. Travers was riding his bicycle in a northerly direction on the westerly side of Market Street—that is, on the left-hand side of the street, considering the direction in which he was going—his conduct in this respect was contrary to one of the ordinances of the City of Wilmington, and he was guilty of negligence *per se;* if you should believe that at the time of the accident the infant was capable of violating said ordinance—that is, if you should find that the boy was at the time of the accident capable of violating and did violate any of the above ordinances—he was guilty of negligence

Charge.

*per se*, or if you should find that considering his age, degree of intelligence, activity, prudence and discretion he was at the time of the accident guilty of contributory negligence, and you should further believe that such negligence *per se* on his part constituted the proximate contributory cause; or one of the proximate contributory causes of the accident, the plaintiffs cannot recover; also if you should find that the defendant was not guilty of any act of negligence charged, or you should believe from the evidence that the chauffeur who was in charge of the defendant's automobile at the time of the accident, observed and realized the boy's position of danger as soon as a reasonably prudent person, under like circumstances, would have done, and thereafter did all that a reasonably prudent person similarly situated could do to prevent the accident, your verdict should be in favor of the defendant.

[10] But if you should find that the chauffeur was driving his automobile, in respect to the circumstances and surroundings, at an unlawful rate of speed, the defendant was guilty of negligence *per se*, or if you should believe that the chauffeur did not do what a reasonable prudent person would have done under the circumstances to avoid the collision, or was guilty of any act of negligence, as charged in the plaintiff's declaration, and such negligence or negligence *per se* on the part of the defendant, was the proximate cause of the accident, your verdict should be for the plaintiffs.

[11] Of course if you should believe that both the infant plaintiff and defendant were negligent, and the negligence of both operated at the time and proximately entered into the accident, the plaintiffs are not entitled to a recovery.

[12] The acts of a chauffeur, in operating an automobile, within the authority of his employment, are the acts of a servant for which the owner is responsible.

[13, 14] As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character. You, however, are the sole judges of the credibility of the witnesses, and the weight of the testimony which you have heard in this case.

[15, 16]  In cases where the evidence is conflicting it is the duty of the jury to reconcile it if they can.  If they cannot reconcile it, they should accept that portion of the testimony which they believe to be worthy of credit and reject that part, if any, they believe to be unworthy of credit, taking into consideration the apparent fairness of the witnesses as they appear upon the stand, their intelligence and knowledge and the opportunities which the various witnesses had for seeing and observing the facts which transpired at the time of and shortly before the accident.  You are to be controlled by the greater weight or preponderance of the evidence in reaching your verdict.

[17]  If your verdict should be for the plaintiff in the first case it should be for such a sum as will reasonably compensate the infant for his injuries, including therein his pain and suffering in the past, and such as may come to him in the future, and for permanent injuries received, if any, resulting from the accident.

[18]  If in the second case your verdict should be for the plaintiff father, it should be for such a sum as will reasonably compensate him for money expended in medicines and medical attendance for his son, and for such permanent loss, if any, he has or may sustain by reason of any loss of services of his son during his minority as disclosed by the evidence.

If you are not satisfied that the defendant was guilty of any negligence which caused the injuries complained of, your verdict in each case should be for the defendant.

Verdicts for plaintiffs.