PAUL C. IGLE, by his next friend, MATTHIAS L. IGLE, *vs.* PEOPLES RAILWAY COMPANY.

1. NEGLIGENCE—WHAT IS.

"Negligence" is the failure to exercise such care as a reasonably prudent and careful person would exercise under similar circumstances.

2. NEGLIGENCE—EVIDENCE—PRESUMPTIONS.

Negligence is not presumed, but must be proved, and the burden of proof rests on the party asserting it.

3. STREET RAILROADS—COLLISIONS—PRESUMPTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

No presumption of negligence in the operation of a street car, or of contributory negligence of a traveler, arises from the mere fact of a collision between the car and the traveler.

4. STREET RAILROADS—COLLISIONS—RECOVERY.

There can be no recovery for injuries to a traveler in a collision with a street car, unless the preponderance of the evidence shows that negligence in the operation of the car caused the accident, and that the traveler was free from contributory negligence.

5. MUNICIPAL CORPORATIONS—USE OF STREETS—CARE REQUIRED.

In using highways, all persons must exercise reasonable care to prevent collisions, and the care must be in proportion to the danger of the risks in each case.

6. STREET RAILROADS—OPERATION OF CARS—CARE REQUIRED.

A street railway company must see that its servants in charge of cars are competent, that reasonable care is used in operating cars, that the cars slow up or stop where danger is imminent, or by the exercise of reasonable care could be known, in time to prevent accident, and that proper warnings of the approach of cars at crossings are given.

7. STREET RAILROADS—OPERATION OF CARS—CARE REQUIRED.

Where a street car approaches a crossing at a downgrade, or where the view of the car from the crossing is obstructed, greater care is required in the operation of the car than where it approaches at grade, or where the view is unobstructed.

8. STREET RAILROADS—USE OF STREETS—CARE REQUIRED.

A railway company and a traveler must use such reasonable care as the circumstances demand, and an increase of care is imposed on both where there is an increase of danger, and the operator of a car and a traveler approaching a crossing must use their senses of sight and hearing to prevent accidents and exercise all such reasonable caution as ordinarily prudent persons would exercise in like circumstances.

9. STREET RAILROADS—COLLISIONS—CONTRIBUTORY NEGLIGENCE.

Where the negligence of a person struck by a car contributed to the accident, there could be no recovery, though the car was negligently operated.

10. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

Where a person is merely riding with another, driving a vehicle, and has no control over the driver, the negligence of the driver cannot be imputed to the guest so as to defeat a recovery against a third person for injuries resulting from the concurrent negligence of the driver and the third person.

11. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS.

In determining whether a child about fourteen years of age was guilty of contributory negligence, the jury must consider whether he exercised the degree of care which an ordinarily prudent person of his age, development, and maturity would exercise under like circumstances, for children must exercise the degree of care to avoid injuries which children of the same age are accustomed to exercise under like circumstances.

12. STREET RAILROADS—OPERATION OF CARS—CARE REQUIRED.

A motorman operating a car and the driver of a vehicle, on approaching a crossing, may assume that each will exercise due care and will act, under the circumstances then existing, in a prudent way.

13. EVIDENCE—NEGATIVE AND POSITIVE EVIDENCE.

The affirmative testimony of a witness that a street car bell rang is of greater weight than the testimony of witnesses that they did not hear the bell ring.

14. EVIDENCE—"PREPONDERANCE OF EVIDENCE".

The jury must decide in favor of the party on whose side the weight of evidence preponderates, and that means, not the greater number of witnesses, but the weight or value of the evidence.

15. EVIDENCE—CONFLICTING EVIDENCE—CREDIBILITY.

Where there is a conflict of testimony, the jury must reconcile it if they can, and if they cannot, they must reject the testimony which they consider least worthy of belief, and accept that which is most worthy of belief, considering the apparent fairness, bias or interest of the witnesses, and their opportunities of knowing the facts testified to.

16. DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES.

The jury should award plaintiff, suing for a personal injury, such amount as will compensate him for expenses reasonably incurred in the treatment of his injuries, for physical suffering which he has suffered or will reasonably suffer in the future by reason of the injuries, and for any disability and destruction of earning powers necessarily resulting from the injuries.

*(January* 16, 1915.)

Judges CONRAD and HEISEL sitting.

*Harry P. Joslyn* and *Herbert H. Ward* (of *Ward, Gray and Neary*) for plaintiff.

*Robert H. Richards* and *Aaron Finger* for defendant.

Superior Court, New Castle County, January Term, 1915.

Action by Paul C. Igle, by his next friend, Matthias L. Igle, against the Peoples Railway Company. Verdict for plaintiff.

ACTION ON THE CASE (No. 117, September Term, 1913) to recover damages occasioned by a collision between an electric car of the defendant company and an ice wagon on which the infant plaintiff was riding with the servant in charge of the wagon, at the intersection of Second and Franklin Streets in the City of Wilmington, on the twelfth day of October, 1912.

Further facts and contentions of the parties appear in the charge to the jury.

CONRAD, J., charging the jury.

Gentlemen of the jury:—This action was brought by Paul C. Igle, a minor by his next friend, his father Matthias L. Igle, the plaintiff, against the Peoples Railway Company, the defendant, to recover damages occasioned by a collision between an electric car of the defendant company and an ice wagon in which the plaintiff was riding as a passenger, at the intersection of Second and Franklin Streets in the City of Wilmington, on the twelfth day of October, 1912.

The plaintiff claims that the injuries resulted from the negligence of the defendant, and charges that the negligence arose from the excessive speed of the car, the failure to give reasonable and proper warning of the approach of the car, that the car was intrusted to the care of an incompetent and unskillful motorman, and that the motorman did not make reasonable and proper efforts to stop the car. We feel it our duty to say that in this case there is no proof to show that the motorman in control of the car in question was incompetent or unskillful.

To all these charges the defendant company pleads not guilty, and as a defense claims that the speed of the car was mod-

erate, that the motorman exercised due care and diligence in giving notice of his approach of the car, and in attempting to avoid the collision, and that the accident was not due to any neglect or default on the part of the defendant company, but was solely due to the negligence of the plaintiff. The defendant company also contends that even if there was some negligence upon its part, there was such negligence upon the part of the plaintiff as should defeat his claim for damages. The court declines to instruct you to return a verdict for the defendant as requested in its prayers, because we think the case should be submitted to the jury for their determination upon the evidence after applying thereto the law as we shall state it.

Of the facts you are the sole judges, and from the evidence, and that alone you are to make up your verdict. It is the province of the court to instruct you regarding the law.

[1] The action is based upon negligence. If the injuries complained of were not the result of the negligence of the defendant company the plaintiff cannot recover. Negligence is the failure to exercise ordinary care, that is, the failure to exercise such care as a reasonably prudent and careful person would use under similar circumstances, the failure to observe for the protection of the interests of another that degree of care and vigilance which the circumstances justly demand.

[2, 3] Negligence is never presumed. It must be proved and the burden of proving it rests on the plaintiff. No presumption of negligence arises, either upon the part of the plaintiff or the defendant company from the mere fact that the plaintiff was injured by a collision with a car of the defendant company.

[4] The jury, before they can find in favor of the plaintiff, must be satisfied by the preponderance or greater weight of the evidence, that the negligence which caused the accident and injuries was the fault of the defendant company and that the plaintiff was not guilty of any negligence which entered into and contributed thereto.

[5] In using the highway all persons are bound to exercise reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case.

[6]   It is the duty of the railway company to see that its servants in charge of the cars are capable and competent, that reasonable care is used in operating them, that the cars move at a moderate rate of speed, that they slow up or stop if need be, where danger is imminent, or could, by the exercise of reasonable care be seen or known, in time to prevent accident, and that proper warning be given of the approach of the car at a crossing on the public street or highway.

[7]   Where the railway approaches the crossing at a downgrade, or where the view of the railway from the crossing is obstructed by buildings or otherwise, greater care is required of the person in charge of the car than where the approaches are at grade, or where the view is unobstructed.

[8]   A like duty of exercising reasonable care rests upon the traveler.   The railway company and the traveler are both required to use such reasonable care as the circumstances of the case demand, an increase of care on the part of both being required where there is an increase of danger.

The general rule is that the person managing the car and the person approaching the crossing are bound to the reasonable use of their senses of sight and hearing for the prevention of accident, and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances.

[9]   If the negligence of the plaintiff entered into and contributed to the accident at the time the wagon was struck by the car he cannot recover even though the defendant company was also guilty of negligence: In such case the plaintiff would have been guilty of contributory negligence, and the law will not permit a person to recover damages for his own negligence, neither will the law attempt to measure the proportion of blame or negligence to be attributed to each party.

The plaintiff however would be entitled to recover notwithstanding there had been some negligence on his part if it was the negligence of the defendant company alone that was the proximate or immediate cause of the injury.

[10]   Where the plaintiff is merely riding with another per-

son who is driving a vehicle, and has no control over the driver, the negligence of the driver, if any, cannot be imputed to the plaintiff so as to defeat his right of recovery against a third person for injuries resulting from the concurrent negligence of such driver and the third person.

It is the duty of a person riding with the driver of a vehicle to exercise due care and caution and it is no less his duty than the driver's, where he has the opportunity to do so, to learn of the danger and to avoid it if practicable.

In determining the question whether the plaintiff, who was a youth of a little more than fourteen years of age, was himself guilty of contributory negligence, you are to consider whether at the time of the accident, he was exercising that degree of care and caution which a reasonably prudent person of his age, development and maturity would exercise under like circumstances. While the rule as to contributory negligence is modified as to children, nevertheless it is the duty of children to exercise that degree of care to avoid injuries which children of the same age are accustomed to exercise under like circumstances, and the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with the surroundings in each particular case are all matters to be taken into consideration in determining this question. *Travers v. Hartman, ante,* 302, 92 *Atl.* 855.

[12]   Both the motorman operating a car and the driver of a vehicle approaching a crossing have the right to assume that each will do his duty—exercise due care—that each will act under the circumstances then existing in a prudent and reasonable way and in the way that the law demands that reasonable and prudent persons shall act under like circumstances..

If from the evidence you should be satisfied that the plaintiff jumped from the wagon, he would not be entitled to recover because in all the allegations of the narr. filed by the plaintiff in this case he charges that he was thrown or jarred from the wagon.

[13]   In this case there is testimony upon the part of some witnesses that the car bell rang—on the part of other witnesses

that they did not hear it ring. The affirmative testimony of the former witnesses is of greater weight than the negative testimony of those who merely say they did not hear the bell ring, which might be attributed to want of attention at the time.

[14]    In civil cases it is the duty of the jury to decide in favor of the party on whose side the weight of evidence predominates, and that means, not the greater number of witnesses, but the weight or value of the evidence.  The question of reasonable doubt does not apply to civil causes.

[15]    Where there is conflict of testimony you must reconcile it if you can.  If you are unable to do this you should reject that testimony which you consider the least worthy of belief and accept that which is most worthy of credit, always taking into consideration the apparent fairness, bias, prejudice or interest of the witnesses, if any there be, their opportunities of knowing the facts about which they testified and their recollection thereof and all other facts and circumstances which will aid in determining the correctness and truthfulness of the testimony given in the case.

[16]    If you should find a verdict for the plaintiff, he is entitled to such amount of damages as will compensate him for all expenditures necessarily or reasonably made in the treatment of his injuries; to compensation for physical suffering which the plaintiff either has in the past suffered or will reasonably suffer in the future by reason of such injuries; and for any disability and destruction of earning powers which may necessarily result from the injuries sustained by him.

                                    Verdict for plaintiff.