ROY B. HURD, Administrator of James K. Hurd, Deceased, *vs.*
THE PHOENIX COMPANY, a Corporation of the State of Delaware.

PLEADING—GENERAL DEMURRER—ADMISSIONS—OBJECTS ATTRACTIVE TO
CHILDREN.

On ruling on a general demurrer to complaint, plaintiff's allegations
that defendant's wires were strung on poles easily accessible to children,
easily climbed by them, and in such manner as to tempt them, charged
negligence, and were, for the purposes of the ruling, not to be controverted,
leaving plaintiff to his proof on trial.

(*April* 15, 1918.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*James H. Hughes* and *Henry Ridgely, Jr.*, for plaintiff.
*John B. Hutton* for defendant.
Superior Court for Kent County, April Term, 1918.

CASE No. 25, April Term, 1916.
Action by Roy B. Hurd, administrator, against the Phœnix
Company, a corporation. On general demurrer. Overruled.
The question raised appears in the opinion.

PENNEWILL, C. J., delivering the opinion of the court:
Plaintiff's declaration alleges that the defendant company
maintained and operated an electric line for the transmission of
electricity and electric current, along and over the public road
leading from the town of Dover to the town of Harrington, and
that, at a point about five hundred yards from a schoolhouse,
known as "Pratt's Branch Schoolhouse," the said defendant
company maintained a pole, upon which its electric wires were
strung, and upon which pole iron spikes were placed, extending
from the ground, at the base of said pole, to the wires strung on
said pole; that the spikes were arranged in such manner that
children of tender years could easily climb said pole, and, also,
in such manner as to tempt and allure children attending school
at said public schoolhouse, and passing along said public road,
to climb the said pole, by means of the iron spikes; that the wires
strung on said pole were not insulated, or otherwise protected.

30 Del.]   HURD'S ADMINISTRATOR vs. THE PHOENIX CO.     333

Opinion.

Said declaration further alleges that, on the fifth day of January,
A. D. 1916, the said James K. Hurd, who was an infant of the
age of about nine years, and who was returning to his home from
the schoolhouse aforesaid, climbed the said pole, and came in
contact with the wires upon said pole, from which said wires he
received an electric shock, and fell to the ground, by reason of
which shock and fall he was injured, and afterwards, to wit, on
the twenty-third day of June, A. D. 1916, died.

By his general demurrer the defendant admits, not only that
the company maintained a pole, upon which electric lights were
strung, and upon which iron spikes were placed, extending from
near the ground, at the base of said pole, to the wires strung on
the pole, but also that the spikes were arranged in such manner
that children of tender years could easily climb the pole, and so
as to tempt and allure children attending school at said school-
house, and passing along the public road, to climb the said pole
by means of the iron spikes; that the wires strung on the pole
were not insulated or otherwise protected; that the deceased, a
child about nine years of age, climbed the pole, came in contact
with the wires thereon, received a shock and fell to the ground,
by reason of which shock and fall he was injured and subsequently
died.

It seems to be held by numerous authorities that if the
object which caused the injury was located at a place where the
child was invited, or had a right to go, and where children are
expected to be; was easily accessible, and attractive and alluring
to children of tender years, the maintenance of such an object
would constitute negligence.  Whether all of these facts could be
proved at the trial or not, they are averred in plaintiff's declara-
tion, and for the purposes of the case now before the court are
admitted by the defendant to be true.

The plaintiff has not cited any case directly in point, so far
as the facts are concerned, but they support the principle of law
above mentioned.  The defendant has not sought to controvert
the correctness of this principle, but has endeavored to show by
the authorities cited that an electric light wire suspended above
the public highway, upon poles with spikes driven in them, as in

the present case, is not easily accessible, and is not attractive and alluring to children. We do not know whether all the allegations contained in plaintiff's declaration are true, or whether he will be able to sustain them by proof at the trial, but being admitted to be true in the present proceeding, the court are constrained to overrule the demurrer.

The court do not say by this decision that the alleged dangerous object was easily accessible, that the pole could be readily climbed, and was attractive and alluring to children of tender years within the meaning of the turntable cases. These questions, the court think, may be properly and intelligently determined at the trial.