**Robert E. JOHNSON, next friend of Robert E. Johnson, Jr., Plaintiff,**

v.

**DELMARVA POWER & LIGHT COMPANY, a Delaware corporation, Defendant.**

Superior Court of Delaware, New Castle.

Sept. 27, 1973.

---

G. Thomas Sandbach of Biggs & Battaglia, Wilmington, for plaintiff.

Roger P. Sanders and Jan. S. Black of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

## OPINION

WRIGHT, Judge.

Minor plaintiff, Robert E. Johnson, Jr., was injured on April 20, 1970, as a result of coming into contact with a piece of electrical equipment owned and maintained by the defendant, Delmarva Power and Light Company. This action is brought by the minor's next friend, Robert E. Johnson, to recover damages arising from his son's injuries.

On the date of the incident, plaintiff, then thirteen years old, was playing with one of his pet pigeons in a field near his home which is also adjacent to defendant's

North Wilmington Power Substation. Structures of this type are used in the transmission of high voltage electricity.

The unit is surrounded by a chain link fence six feet tall. Above the fence are located three evenly spaced strands of barbed wire attached to supports so that they face inward at a forty-five degree angle. Attached to the fence are twelve 10″ x 14″ warning signs containing the legend—"Danger High Voltage".

Plaintiff was apparently attempting to teach his pet to fly by throwing it into the air. Unfortunately, during one attempt a gust of wind caught the bird and carried him into the substation where it landed on one of the pieces of equipment. In an attempt to retrieve his pet, Robert, Jr. climbed the surrounding fence, then scaled a steel support to a height of approximately ten feet where the bird lay stranded. After grasping the animal and in his attempt to return to the ground, the bird fluttered from his hand striking the boy in the face causing him to come into contact with a highly charged circuit breaker bushing terminal thereby causing him severe injury.

This action was subsequently brought against defendant alleging that the child's injuries were proximately caused by its negligent failure to prevent access to the equipment. Defendant has moved for summary judgment denying any negligence on its part and alleging that the child was contributorily negligent as a matter of law.

■■■ Plaintiff contends that the law applicable to this case is that provided in Section 339, Restatement, Torts 2nd; and further, that application of the principles contained therein will result in a finding of negligence on the part of the defendant. Section 339 provides as follows:

"A possessor land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and,

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

The section cited by plaintiff has been accepted as the law of Delaware by this court in the case of Moran v. Delaware Racing Association, 218 A.2d 452 (Del.Super.1966). Accordingly, the merit of plaintiff's case in determining the appropriateness of defendant's motion will be tested against the five requirements of the Restatement section cited above.

Plaintiff alleges and there is supporting evidence to the effect that there is a playground adjacent to defendant's substation. Further, there is evidence that the plaintiff himself as well as other neighborhood children had climbed either over or under the fence on previous occasions. Finally, it appears from the evidence that a guard or maintenance employee was present when children were playing in the adjacent lot. Subsection (a) requires that the possessor either have actual knowledge or reason to know that children are likely to trespass in the area where the danger exists. Considering the close proximity of the substation to the playground, the evidence that children frequently entered the area within the fence and the known observations of the employee, there is a reasonable issue of

fact as to whether the defendant at the least should have known of the likelihood of trespass by children. Thus the issue should not be decided as a matter of law in a motion for summary judgment. Hoff v. Natural Refining Products Co., 38 N.J.Super. 222, 118 A.2d 714, at 717 (1955).

■ Subsection (b) in essence requires that the possessor realize or should realize that the condition known to him involves an unreasonable risk of death or serious bodily harm to children. Comment of the Restatement summarizes this subsection as requiring that the possessor know or have reason to know, that the particular condition exists upon his land, and that it is likely to be dangerous to trespassing children. The danger attendant with the transmission of electricity cannot be reasonably disputed and has been specifically recognized by the Delaware Supreme Court in Hercules Powder Company v. DiSabitino, 188 A.2d 529 (Del.1963). Accordingly, requirements of this subsection have clearly been met under the circumstances of this case.

Subsection (c) requires that the child, because of his youth, does not discover the condition or realize the risk involved in entering the dangerous area. Defendant has urged that, as a matter of law, this court rule that the minor plaintiff was of a sufficient age and maturity to realize the danger involved. However, defendant cites no case nor is there a decision in this state known to the court in which it has been determined as a matter of law that a minor of similar age was guilty of contributory negligence. To the contrary, there are two cases involving children of the ages of fourteen and fifteen years respectively in which such an issue was left for resolution by the jury. Igle v. Peoples' Railway Co., 5 Boyce 376, 93 A. 666 (Del.Super., 1915; Travers v. Hartmann, 5 Boyce 302, 92 A. 855 (Del.Super., 1914). In the *Igle* case cited above the court charged the jury that contributory negligence of a child was to be determined, among other factors, by the maturity and the capacity of the infant in-

volved. In the *Travers* case it was ruled that a child was presumed to have sufficient understanding and discretion to appreciate danger and have the power to avoid it only after reaching fourteen years of age. Further, it has been held to be error to rule as a matter of law that a thirteen year old was sufficiently mature to realize the risk involved in a case applying the Restatement doctrine, the court reasoning that whenever there is a debatable question on the evidence the issue should be decided by the jury. Hoff v. Natural Refining Products, Co., supra. Finally, in discussing the dangers of high voltage electricity, Dean Prosser has remarked that "with the increasing development of conditions, such as high tension wires, which a boy of high school age may reasonably be expected not to appreciate" there have been increasing numbers of cases allowing children aged thirteen to recover for their injuries. (Prosser on Torts, 4th Ed., p. 374).

To summarize, this court is of the view that it should not rule as a matter of law that, under the circumstances, this boy was sufficiently aware of the risks involved when he entered the substation so as to now preclude recovery at this stage of the proceedings.

Subsection (d) as applied to the circumstances of this case requires that the burden of eliminating the danger be slight as compared to the risk to children. Plaintiff contends that defendant took an unreasonable risk by not reconfiguring the barbed wire so that it extended outward. It is further contended that the warning signs were poorly maintained and that the circuit breakers should have been guarded. Defendant chose not to raise an issue regarding any undue burden to make the changes suggested by defendant relying on its previous position that their safeguards were reasonable and proper.

It has previously been held in this state that, in the distribution of electrical power, a utility must use every means to protect the public from injury regardless of the

expense. Cook v. Wilmington City Electric Company, 9 Houst. 306, 32 A. 643 (Del.Super., 1892). In reaching such a conclusion the court was recognizing not only the extreme danger to the public which arises from such operations, but it was also recognizing a resulting public responsibility which must be accepted by the power company.

Accordingly, when considering the evidence before this court in a light most favorable to the plaintiff, there is sufficient basis for denial of the motion as it applies to the requirement of subsection (d).

The final requirement of the Restatement, i. e. subsection (e), is that the possessor of land fail to exercise reasonable care to eliminate the danger or otherwise protect the children.

■ It is settled that a utility must guard against any contingency, combination of circumstances, or accident which a person of ordinary intelligence would have foreseen as probable to happen. Hercules Powder Company v. DiSabitino, 188 A.2d 529 (Del.1963). Further, it has been held that if a dangerous object is located at a place where children are expected to be, and is easily accessible and attractive to such children, the maintenance of such an object can constitute negligence. Hurd v. Phoenix Co., 7 Boyce 332, 106 A. 286 (Del. Super.1918). Similarly, courts have held that a company may be under a duty to take reasonable precautions to prevent accessibility to a dangerous condition. Hyndman v. Pennsylvania R. R. Co., 396 Pa. 190, 152 A.2d 251 (1959); Costanza, et al. v. Pittsburgh Coal Co., 276 Pa. 90, 119 A. 819 (1923).

Defendant has placed much reliance on the fact that warning signs placed on the surrounding fence were a significant precaution against injury. Nevertheless, a distinction can be made between mere "knowledge" of danger on the part of a child and true "understanding and appreciation" of it. Igle v. Peoples' Railway Co., supra. In Dean Prosser's discussion of the requirements of this subsection he states "it is appreciation of the danger which is required to bar recovery, rather than mere knowledge of the existence of the condition itself; and where the child is too young to understand, or not sufficiently impressed to forego the attractive hazard, the warning may be found not to relieve the defendant of liability, if he could reasonably be expected to do more". (Prosser, supra at p. 373).

Viewing the evidence presented by the plaintiff in light of the legal reasoning cited above, it must be found that there is a sufficient issue as to the reasonableness of the precautions taken to allow the issue to be presented to the jury; thus, this court will not take it upon itself to decide it as a matter of law.

■ Finally, it has been asserted by defendant that the provisions of 25 Del.C. Sec. 1421 are applicable to the case at hand and that therefore, the plaintiff must prove at least a wilful or wanton disregard for the rights of others in order to recover.

The statute in question provides as follows:

"No person who comes onto premises occupied by another person as his guest without payment shall have a cause of action against the occupier of the premises for damages unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others."

Despite its assertions, defendant has failed to cite any authority or present a reasonable basis for holding that the enactment in question was intended to be applied to the "child trespasser". To the contrary, defendant has conceded that persons are not invited, but in fact, are warned to avoid their transmission stations. Accordingly, Sec. 1421 is not a bar to recovery by plaintiff.

Defendant's motion for summary judgment is denied. It is so ordered.