**PIETUSZKA AND GALLUCIO BUILDERS, INC., a Delaware Corporation, Defendant below, Appellant,**

v.

**Judith McTAGGART, a minor, by Edward McTaggart, her next friend and Edward McTaggart, Individually, Plaintiffs below, Appellees.**

**KERSHAW EXCAVATING CO., a Delaware Corporation, and Pietuszka and Gallucio Builders, Inc., a Delaware Corporation, Defendants below, Appellants,**

v.

**Judith McTAGGART, a minor, by Edward McTaggart, her next friend and Edward McTaggart, Individually, Plaintiffs below, Appellees.**

Supreme Court of Delaware.

Argued Jan. 13, 1975.

Decided Feb. 7, 1975.

Wayne N. Elliott and John H. Small, Prickett, Ward, Burt & Sanders, Wilmington, for Pietuszka and Gallucio Builders, Inc., defendant below, appellant.

William F. Taylor, Young, Conaway, Stargatt & Taylor, Wilmington, for Kershaw Excavating Co., defendant below, appellant.

Sheldon N. Sandler, Bader, Dorsey & Kreshtool, Wilmington, and Allen J. Beckman, of Shuster & Beckman, Philadelphia, Pa., for plaintiffs below, appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this personal injury action, defendants appeal from an order of the Superior Court denying their motions for summary judgment.

I

Judith McTaggart, a six-year-old child, was injured when she fell from a mound of earth fifteen feet high formed by Kershaw Excavating Co. (Kershaw) under a contract with Pietuszka and Gallucio Builders, Inc. (P & G), the owner and general contractor for development of the land. The Superior Court refused to grant summary judgment to P & G on either plaintiffs' claim based on negligence or on P & G's own claim against Kershaw based on an indemnity provision in the contract. P & G seeks a reversal of each ruling.

II

First, as to Judith's claim, P & G says that she was a trespasser and her claim is therefore barred by 25 Del.C. § 1421, which provides:

"No person who comes onto premises occupied by another person as his guest without payment shall have a cause of

action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others."

■ The Superior Court concluded that the statute neither in terms nor purpose applies to trespassers.[1] Relying on case law under the analogous Automobile Guest Statute, 21 Del.C. § 6101, the Court ruled that the Landowners' Statute is similar in its application to minors, cf. Lynott v. Sells, Del.Super., 2 Storey 385, 158 A.2d 583 (1958), and shares the same purpose (the frustration of collusive lawsuits between host and guest). Since there are no ties of hospitality (to foster such collusion) between trespasser and landowner, the Court found that § 1421 was not intended to apply to a child-trespasser.

■ We have recently considered the purposes and have approved the constitutionality of the Automobile Guest Statute, Justice v. Gatchell, Del.Supr., 325 A.2d 97 (1974). The Superior Court's finding as to purpose is consistent with the analysis in Justice and we approve its conclusion that § 1421 was not intended to apply to a child-trespasser. Compare Facciolo v. Facciolo Construction Co., Del.Supr., 317 A.2d 27 (1974).

■ As in Johnson v. Delmarva Power and Light Company, supra, the Superior

Court concluded that P & G's conduct is to be measured by the provisions of the Restatement of Torts (2d) § 339. We have recently approved the rule stated therein, Schorah v. Carey, Del.Supr., 331 A.2d 383 (1975), and do so again.[2]

### III

As to Kershaw, P & G argues that it is entitled now to a judgment determining that, under the contract, Kershaw is obliged to indemnify it for any loss sustained as a result of plaintiffs' claim.

Noting that P & G may be found liable to plaintiffs under the provisions of the Restatement, supra, the Trial Court concluded that, in such event, P & G may only be entitled to contribution. It therefore denied P & G's motion for summary judgment.

As we read the Superior Court opinion, it did not determine any substantial question of law against P & G. It simply concluded that P & G is not entitled to judgment now, that is, any judgment in its favor would be premature. In this light, the appealability of this interlocutory order is questionable.

■ It may be possible (and desirable) to determine P & G's contract right to indemnity independent of any tort obligation it may have to plaintiffs. But the facts are single and a separate basis for liability is asserted against P & G; under these

1. The statute was amended effective July 10, 1973 and now reads (25 Del.C. § 1501) :
   "No person who enters onto the premises owned or occupied by another person, either as a guest without payment *or as a trespasser*, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the willful or wanton disregard of the rights of others." (Emphasis added.)
   The injury was received on October 4, 1969 and P & G contends that § 1501 applies because it is merely a clarification of § 1421. But a comparison of the statutes shows that significant changes were made, and the spe-

cific inclusion of "trespasser" was one of these. Since plaintiffs' claim is derived from the common law, see, e. g., Johnson v. Delmarva Power and Light Company, Del.Super., 312 A.2d 634 (1973), and Hurd v. Phoenix Co., Del.Super., 7 Boyce 332, 106 A. 286 (1918), it is not extinguished by the statutory change nor is it governed by the terms of § 1501.

2. In *Schorah* we held that the duty owed by a landowner to a trespassing child is measured by the provisions of the Restatement, supra. Neither that case nor this involves the provisions of 25 Del.C. § 1501 and we expressly abstain from any comment about that Statute or its impact on *Schorah*.

circumstances we cannot say as a matter of law that the Superior Court committed error in declining to decide the contract issue before trial. After all facts are determined at trial, the Court will then be in a position to determine what liability, if any P & G has to plaintiffs and what part thereof, if any, is included in the indemnity agreement running from Kershaw to P & G.

Affirmed.