Doran vs. Ryan.

DORAN, Respondent, vs. RYAN, Appellant.

*December 15, 1891 — January 12, 1892.*

*(1) Evidence: Certified copies.  (2, 3) Special and general verdicts: Improper remarks by counsel.*

1. A copy of a bill of sale is not admissible in evidence where the certificate of the town clerk, in whose custody the original is, fails to state that such copy has been compared by him with the original.
2. Defendant's counsel having demanded a special verdict, plaintiff's counsel, in addressing the jury, said that the practice of asking for a special verdict was a most vicious one. The court ruled that this statement was improper, either party having the right to ask for such a verdict, and the duty of court and jury being merely to enforce the law, without regard to its policy. Plaintiff's counsel afterwards said to the jury: "Who gave you thirty-two questions to answer here? Did I do it?" and stated, in effect, that the special verdict was the only confusing feature in the case. *Held*, that such remarks were not calculated to influence the jury improperly, and would not work a reversal of the judgment for the plaintiff.
3. The jury having, by a special verdict, found all the issuable facts, it was not error for the court to direct them as to the form of their general verdict.

APPEAL from the Circuit Court for *Rock* County.

Action for the unlawful conversion of a span of horses and a cutter. The principal facts will sufficiently appear from the opinion. The defendant demanded a special verdict, and thirty-two questions were submitted to the jury. During his argument to the jury plaintiff's counsel said, "This practice of asking for a special verdict is the most vicious practice that we have in our day." *Defendant's counsel:* "I enter an exception to that language." *Court:* "I rule that statement of plaintiff's counsel as improper. I rule that under the law either party has the right to demand a special verdict. The jury have nothing to do with the policy of the law. It is the duty of court and jury to enforce the law so far as they are able." Afterwards, in his closing argument, plaintiff's counsel said, in substance,

"Who is trying to confuse this case? What is the one confusing feature in this case? Who gave you thirty-two questions to answer here? Did I do it?" Exceptions to these remarks were duly taken.

In addition to the questions for a special verdict there were submitted to the jury forms for a general verdict — one in favor of the plaintiff and one in favor of the defendant. In answer to the special questions the jury found all the issuable facts in favor of the plaintiff, and found the value of each horse and of the cutter at the commencement of the action, amounting in all to $325. When they came into court and presented their verdict to the judge, the following proceedings were had: The judge read the verdict down to the form of a general verdict for the plaintiff, and then read, "We, the jury in the above entitled case, find for the plaintiff and assess his damages at" — The court stopped reading, and said: "You have put in $17 below here." *A juryman:* "That is interest to the plaintiff." *Court:* "Gentlemen of the jury, you must find the damages which the plaintiff is entitled to, if you find for the plaintiff; and if you find for the plaintiff you have to assess his damages — the value of all the property — and add the interest to it from the commencement of the action." *Juror:* "Can we take that and return and correct it?" *Court:* "Yes. You would have to add the value of all the property together, and compute the interest on that from the commencement of the action, and you would have to cross out the last finding if you intended that should be the interest for the plaintiff." The jury then corrected the general verdict, and assessed the plaintiff's damages at $342.43.

From the judgment entered on the verdict the defendant appeals.

For the appellant there was a brief by *Doe & Sutherland,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Fethers, Jeffris & Fifield,* and oral argument by *M. G. Jeffris.*

ORTON, J.   This is an action of trover for the conversion of a span of horses and a cutter.   No exceptions are taken to the verdict of the jury on the facts.   There were thirty-two special findings of the jury on the various facts of the case, and it does not appear that more than five were necessary: *First*, that the plaintiff was the owner of the property; *second*, that the defendant converted the same to his own use, as charged in the complaint; *third*, the value of the property; *fourth*, that the mortgage by which the defendant claimed to own the horses was void for want of a consideration; and, *fifth*, that the defendant did not purchase the mortgage in good faith.

There are only three assignments of error: *First*, that the court permitted the plaintiff to give testimony, over objection, that the mortgage was void for lack of consideration; *second*, that the court erred in excluding the copy of the bill of sale given by Patrick Doran to the defendant for the cutter; *third*, improper remarks of the plaintiff's counsel to the jury.

1. The argument of the learned counsel for the appellant is that the court should not have permitted evidence that the mortgage was given without consideration, when the defendant had in good faith purchased it.   The argument fails, for the reason that the jury found that the defendant did not purchase it in good faith.   I can conceive of no other reason why such fact might not be proved.

2. The copy of the bill of sale was properly rejected, because the certificate of the town clerk was insufficient, in that it did not state that the copy "had been compared by him [the clerk] with the original," as required by sec. 4149, R. S.   See, also, *Stevens v. Clark Co.* 43 Wis. 36.

3. The remarks of the plaintiff's counsel to the jury, excepted to, were: *First*, "*Dennis Ryan* got hold of everything that Lawrence Doran owned;" *second*, "This is the most vicious practice we have in our day of asking for a

Doran vs. Ryan.

special verdict;" *third*, "Who gave you thirty-two questions to answer here? Did I do it?" *fourth*, "The special verdict in this case is the only confusing feature in the case."

The plaintiff's counsel explained, as to the *first*, that *Dennis Ryan* stated in his testimony "that he put into the bill of sale everything he could think of." By looking into the bill of exceptions, it appears that *Dennis Ryan* did put into the bill all the property that he could then think of, on his examination as a witness, and the remark appears to have been justified by the evidence. *Second.* The remark that a special verdict was a vicious practice was corrected and repelled by the court at the time, and I am not certain that it ought to have been. So many unnecessary questions do tend to confuse the jury. The special verdict should be confined to the main issuable facts. It is not apparent, however, how such a remark could have improperly influenced the jury one way or another. It might stimulate them to try to understand the questions correctly. The two other remarks were as to who gave the jury the thirty-two questions to answer, and that this was the only confusing feature in the case. Such remarks would seem to be the merely idle and harmless sparring between counsel, and not calculated to influence the jury to find a verdict one way or the other in the case, or prejudice them against the counsel on either side.

It was not error in the court directing the jury as to the form of their verdict after they had found all the issuable facts in favor of the plaintiff. This is a common and necessary practice, and no more objectionable than for the court in the first place to give the jury the form of the verdict on both sides, which is the practice of some courts. *Victor S. M. Co. v. Heller*, 44 Wis. 265.

*By the Court.*— The judgment of the circuit court is affirmed.