S. C. Herbst Importing Co. vs. Burnham.

S. C. HERBST IMPORTING COMPANY, Appellant, vs. BURNHAM, Respondent.

*December 18, 1891 — March 22, 1892.*

*Attachment: Uncompleted service: Replevin: Estoppel: Evidence: Form of verdict.*

1. In replevin against a sheriff who had taken goods under a writ of attachment as the property of a third person, the goods were taken from his possession before he could make the inventory and appraisal thereof. The plaintiff also caused said third person to traverse the affidavit of the attachment, and prosecuted such traverse in his name. *Held*, that the plaintiff was estopped from claiming that the writ of attachment was not fully served because no inventory and appraisal were made.

2. The evidence in such case is *held* sufficient to sustain a verdict to the effect that a bill of sale from said third person, under which the plaintiff claimed a part of the goods, was not executed until after the defendant had taken possession under the attachment.

3. In replevin, where the facts have been found by a special verdict, it is not error for the court to have the jury put their verdict in proper form.

APPEAL from the Superior Court of *Milwaukee* County. Replevin. The facts are sufficiently stated in the opinion. For the appellant there was a brief by *Nathan Pereles &*

*Sons*, attorneys, and *Miller, Noyes & Miller*, of counsel, and the cause was argued orally by *Geo. H. Noyes.*

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin.*

The following opinion was filed January 12, 1892:

ORTON, J.    On September 17, 1889, the summons and writ of attachment in the case of Edward Kalman against Joseph Gressing were personally served on Gressing, the defendant, and on the 19th day of September following, the goods in the saloon of Gressing, and the furniture and fixtures thereof, were seized under the attachment by the defendant, as sheriff of the county of Milwaukee, as the property of Gressing.    Before any inventory of the property could be made, it was taken from the possession of the defendant as such sheriff by the writ of replevin in this case.    The plaintiff company claims to own the property by virtue of a chattel mortgage on the fixtures and furniture in the said saloon, executed April 22, 1889, and by a bill of sale of the goods, furniture, and fixtures, dated the 17th day of September, 1889, by the said Gressing to the plaintiff.    On the 1st day of October thereafter the plaintiff company caused the said Gressing, the defendant in said attachment, to traverse the affidavit in attachment for the purpose of having it dismissed, and employed its own attorneys to conduct such traverse, and took upon itself to prosecute the same in the name of said Gressing.    On the trial the defendant attacked the validity of the said mortgage for fraud, and the said bill of sale for fraud and on the ground that it was not given on the 17th day of September, 1889, it bears date, but on some day subsequent to the service of said attachment, and therefore void as against the service of the same.    The jury rendered a special verdict that the said mortgage was valid, and that the said bill of sale was void.    The court had the jury put their

verdict in form, and so the jury found for the plaintiff as
to the property in said mortgage, and found for the de-
fendant as to the property in said bill of sale, and found the
value thereof, and other appropriate issues; and two judg-
ments, one in favor of the plaintiff and one in favor of the
defendant, were or may be rendered accordingly. From
the latter judgment only, an appeal has been taken.

The question whether the said bill of sale was executed
on the day it bears date or after the service of the attach-
ment, was recognized in an instruction asked by the plaint-
iff, and was distinctly submitted to the jury in the instruc-
tions of the court. There are only two material questions
on this appeal: *First.* Did not the plaintiff waive the com-
plete service of the attachment, and is it not estopped
from denying it, by its preventing such full service by tak-
ing away the property from the defendant, as such sheriff,
by the writ in this case, before an inventory and appraise-
ment could be made, and by causing the traverse of the
affidavit to be instituted, and prosecuting the same? *Sec-
ond.* Was the bill of sale executed and the possession of
the property taken before or after it was so taken by the
defendant as sheriff on the attachment?

*First.* The plaintiff, by preventing the full service of the
attachment by the writ of replevin, and by recognizing
and affirming the full service of the attachment and waiv-
ing all objections thereto by this traverse of the affidavit, is
estopped from now claiming that the writ of attachment
was not completely served. *First Nat. Bank v. Green-
wood,* 79 Wis. 269. This recent decision of this court is in
point on the question. *Williams v. Stewart,* 3 Wis. 773;
*Robertson v. Kinkhead,* 26 Wis. 564; *Eureka S. H. Co. v.
Sloteman,* 67 Wis. 118; *Lowe v. Stringham,* 14 Wis. 222;
*Braunsdorf v. Fellner,* 69 Wis. 334; *Kaehler v. Dobberpuhl,*
60 Wis. 256; *Tuller v. Beck,* 108 N. Y. 355. The plaintiff,
by instigating the traverse of the affidavit, puts the parties

to the trouble and expense of sustaining the attachment, and waives everything inconsistent with the existence of the attachment, and ought to be estopped from denying an effectual service of the writ. Besides this, the plaintiff, by the service of the writ of replevin, took the property away from the sheriff before he could take an inventory of it to complete the service. The writ of attachment should be treated as fully served when the sheriff took possession of the property on the writ on the 19th day of September, 1889.

*Second.* There was considerable testimony tending to show that the bill of sale was not made, and the possession of the property taken under it, until after such service of the writ. The bill of sale was made in consideration of $3,600, which Gressing owed the plaintiff; and $2,100 of it was in notes. No receipt was given for the money, and the notes were not surrendered, showing the transaction to be incomplete. Mr. Stumes, the treasurer of the plaintiff company, got one Droppers, on the 18th day of September, to go into the saloon to take charge of it. Droppers testified that Herbst, the president of the company, told him to the effect that the property was attached, and he so understood it. Hamilton testified that it was agreed that no custodian should be kept at the saloon by the plaintiff, as the sheriff had the keys.

It would seem from the testimony that the plaintiff first relied solely on the mortgage, and nothing was said about the bill of sale. The witnesses were unable to agree as to the place where the bill of sale was given. The testimony tends strongly to show that possession was not taken under the bill of sale until after the levy of the attachment, and the property was then in the custody of the sheriff. There was, at least, testimony sufficient to warrant the jury to find that the bill of sale was void in respect to the attachment, meaning thereby that it was not given or executed

until after the levy of the attachment. The jury must have meant this, as there was no evidence that the bill of sale was fraudulent as to creditors; and the court instructed them to find on the question whether it was given before or after the levy.

The learned counsel of the appellant assigns as error that the court gave the defendant costs on his judgment, and on the plaintiff's judgment gave no costs in its favor against the defendant. The judgment in favor of the plaintiff on the mortgage is not here on appeal, or as a part of the record in this case, and we cannot know whether the court gave the plaintiff costs or not. The plaintiff has not appealed from the judgment in its favor, but only from the one against it. It would be proper to give costs to both parties in such a case, or to neither. *Lanyon v. Woodward,* 65 Wis. 543. But the question is not here.

It was not error for the court to have the jury put their verdict in form.

*By the Court.*— The judgment of the superior court is affirmed.

A motion for rehearing was denied March 22, 1892.