Jackson and another, Appellants, vs. Robert L. Reisinger & Company, Respondent.

*November 5—December 3, 1935.*

For the appellants there was a brief by *C. R. Dineen* and *W. G. Cavanaugh, Jr.*, attorneys, and *J. E. McCarty* of counsel, all of Milwaukee, and oral argument by *Mr. Cavanaugh*.

For the respondent there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat*.

FOWLER, J.   In this case parents are suing to recover for the death of their six-year-old boy, who died as a result of being struck by falling shoring timbers which were loosened from the top of a pile of such timbers while the boy and other children were climbing to the top of the pile.   The theory of the case is that the pile of timbers was negligently piled and constituted a structure inherently dangerous to children, and rendered the defendant liable under the doctrine of the recent decision of this court in *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 254 N. W. 351, and *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219.   The *Busse Case* is distinguished by the fact that the pile of lum-

ber there involved was located in a street instead of on private premises four hundred and forty-five feet from the front and one hundred and eighty-five feet from the side street as here.

The appellants claim that the court erred in receiving evidence of the customary method of piling shoring, and in instructing the jury in this connection, and in letting stand a statement of the president of the defendant company that in his opinion the shoring was properly piled. As the jury found that the method of piling used was dangerous to children, there was no prejudicial error in any of these respects. This finding would have convicted the defendant of negligence had they also found that the defendant ought to have known that children of the age of plaintiffs' child were likely to play on defendant's premises where the shoring was piled.

The appellants claim that the inquiry of question (2) of the verdict given in the preceding statement of facts should have been directed to the entire premises of the defendant, because as they contend the defendant is liable under the answer to question (1) if it ought to have known that children trespassed anywhere on its premises. To support this contention, they cite the *Angelier Case, supra,* and Restatement, Torts, § 339. The tort restatement relating to the location of a structure is:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass."

From this statement, it would seem that the inquiry was properly limited. The "place" where the "condition existed" seems to be the point to which the inquiry should be directed. If the premises were a forty-acre field, and the dangerous condition were in the middle of it, manifestly the middle of

the field would be the place to which the inquiry should be directed. So of premises of dimension such as are here involved. The jury question properly was, Should the defendant have known that children were likely to play on or around the shoring piles—not whether it should have known that they were likely to play on the sand or gravel piles, or about the place where men were sawing, or about the place where the wagons or other machinery were kept, all which places were two hundred and forty feet or more away from the shoring piles.

In the *Angelier Case, supra,* the court was dealing with a demurrer to a complaint for insufficiency of facts, not with a verdict. The facts as stated in the complaint were widely different from those here involved as found by the jury. See the opinion in that case, at page 48. Every case must be judged upon its own facts. A decision in one case is no authority upon which to rest the decision in a later case, unless the entire factual basis in the latter is similar in kind or principle to that of the former.

It is claimed that the jury were not justified in answering question (2) of the verdict in the negative, and the court should have changed the answer to that question. Several cases are cited in which the jury found that the defendant ought to have anticipated that children were likely to trespass at the place where the condition causing the injury was maintained, but none is cited wherein the jury found to the contrary and the court amended its finding. It is true, as urged by appellants, that the court said in *Kelly v. Southern Wisconsin R. Co.* 152 Wis. 328, 140 N. W. 60, that no evidence from witnesses was necessary to show probability of injury from meddling with a pulley in the street through which a rope passed pulled by horses and used in stretching wire, and that it was a matter of common knowledge that children are likely to meddle with such things. But that case was submitted to the jury, and this court stated that the trial

court "was not wrong" in so submitting it. This statement was made in answer to the defendant's contention that as matter of law the child was guilty of contributory negligence, but it was not held or contended that the defendant was guilty of negligence as matter of law. And it is one thing to say that it is a matter of common knowledge that children are likely to meddle with things when they are in their presence, and another thing to say that it is a matter of common knowledge that children are likely to be in the presence of dangerous things located on private property, regardless of where they are, which we would be saying if we held that question (2) was not a jury question.

It is also claimed that the court erred in sending the jury back to correct their verdict. By the form of the verdict the jury were directed, in case they answered "Yes" to question (2) of the verdict, to answer question (3), which inquired whether the defendant failed to use ordinary care to provide safeguards against children climbing on the piles of shoring. They answered question (2) "No," and thus were not required to answer question (3), but they answered it "Yes" notwithstanding. They then answered questions (4) and (5), which went to proximate causation in case of an affirmative answer to question (3), which the verdict directed them to answer in case they answered question (3) "Yes." Question (4) covered reasonable anticipation and was answered "No." Question (5) went to causation and was answered "Yes." When the verdict was returned into court and read by the clerk, the judge called the attention of the jury to these answers and to the form of the verdict and handed the verdict back to them, with instruction to go back to the juryroom and go over the verdict carefully; to read carefully each question and each answer and see if they "had answered the question the way they wanted to, and whether they wished to make any correction in it." They later returned with the

answer to question (2) unchanged, and with their first answers to questions (3), (4), and (5) stricken. The verdict was then received after the jury on inquiry had answered that it was then their verdict. We see no error in this. The court did not change the answers, but left it entirely to the jury to make their own corrections. He gave them no instruction or intimation respecting their answer to question (2), which was the foundation of their answers to the other three questions which they were not to answer if they answered (2) as they had answered it. That the verdict was defective in form when first returned was manifest. That the court may require the correction of a defective verdict has many times been held by this court. *Victor Sewing Machine Co. v. Heller,* 44 Wis. 265; *State ex rel. Town of White Oak Springs v. Clementson,* 69 Wis. 628, 35 N. W. 56; *Wightman v. Chicago & Northwestern R. Co.* 73 Wis. 169, 40 N. W. 689; *S. C. Herbst Importing Co. v. Burnham,* 81 Wis. 408, 412, 51 N. W. 262; *Doran v. Ryan,* 81 Wis. 63, 51 N. W. 259; *Chandler v. Hinds,* 135 Wis. 43, 115 N. W. 339.

*By the Court.*—The judgment of the circuit court is affirmed.