PATRICK J. BEASTON, administrator of the estate of Elizabeth Anita Beaston, minor deceased, PATRICK J. BEASTON and ANITA H. BEASTON, Plaintiffs, v. JAMES JULIAN, INC., and WILMINGTON MANOR, INC., Defendants.

*(February 7, 1956.)*

HERRMANN, J., sitting.

*Charles F. Daley, Jr.,* and *Kenneth W. Lewis* (of Daley and Lewis) for the plaintiffs.

*John S. Walker* and *Frank J. Miller* for the defendant, James Julian, Inc.

Superior Court for New Castle County, No. 139, Civil Action, 1955.

HERRMANN, J.:

The question is whether the complaint reflects the breach of a duty by the defendants from which liability for the death of the plaintiffs' decedent may arise.

It is alleged in the complaint that the defendant James Julian, Inc. was engaged in the construction of a sewer which ended in a pit in an open field, the land of the defendant Wilmington Manor, Inc. It is averred that the pit was twelve feet long, five feet wide and five feet deep, that it had no outlet and that it was located about 300 feet from the end of the street on which the child, age four years, resided. It is alleged that while the child was playing around the pit she fell into it and drowned in rain water which had accumulated therein to the depth of five feet.

As a "First Cause of Action", it is alleged that the defendant James Julian, Inc. "knew or should have known that this area was used by the children of the neighborhood as a play area" and that the defendant Wilmington Manor, Inc. "knew or should have known of the use of this area as a play area for the children residing in the neighborhood, and acquiesced in this use". It is further averred that the defendants "knew or should have known that this pit was alluring to children" and that they knew or should have known that "unless adequate safeguards or reasonable caution were taken children coming on the premises, in and about the pit, would be endangered". It is further alleged that the defendants maintained "an attractive nuisance in that they knew or should have known that the open pit was alluring to children and endangered them, but in spite of this, failed to exercise reasonable care" in that they failed to maintain fences or a watchman.

In the "Second Cause of Action" the complaint contains repetition of the allegations that the defendants knew or should have known that the area in which the pit was located was used by children of the neighborhood as a play area and that the owner acquiesced in this use. It is further asserted that the defendants "knew or should have known that neighborhood children were in the habit of playing in the open field, and in spite of this, failed to take any precaution" in that they failed to maintain fences or a watchman.

The defendant[1] contends that this action is founded upon the "attractive nuisance" doctrine and that, since that doctrine has not been adopted in this jurisdiction, the complaint fails to state a claim upon which relief can be granted. See Civil Rules 8(a), 9(b) and 12(b) (6), *Del. C. Ann.*

▉ Although the term "attractive nuisance" appears in the complaint, the classical doctrine of attractive nuisance is

---

[1]The pending motion is presented by the defendant James Julian, Inc. only. Therefore, reference is to the one defendant.

not involved in this case because the plaintiffs do not contend that the child was enticed or lured upon the premises by the attraction of the pit. It appears from the complaint that the child entered upon the premises because she was accustomed to play there. It is not contended that the pit presented a condition that would be likely to attract children to come upon the premises. Ordinarily, liability is not imposed under the doctrine of attractive nuisance where the attraction is discoverable only after a trespass. It has been said that to come within the doctrine of attractive nuisance, a condition must invite the trespass, not merely invite after the trespass. Under the classical doctrine, in those jurisdictions where it has been adopted, the possessor of land is held bound to anticipate the presence of children upon his premises, and to exercise care for their safety, because the instrumentality or condition is one that would be likely to attract them to come upon the premises. See 38 *Am. Jur.* "Negligence" § 153; compare *Weinberg v. Hartman,* 6 *Terry* 9, 65 *A.* 2d 805, 809. This is not the situation reflected by the complaint in the instant case.

I am not required, therefore, to pass upon the important question of whether the attractive nuisance doctrine, as introduced in this country by *Sioux City & P. R. Co. v. Stout,* 17 *Wall., U. S.,* 657, 21 *L. Ed* 745, has or should become part of our jurisprudence. The existence of the doctrine has been acknowledged by this Court in four reported cases. See *Kotowski v. Taylor,* 1 *W. W. Harr.* 430, 114 *A.* 861; *Weinberg v. Hartman,* 6 *Terry* 9, 65 *A.* 2d 805; *Cann v. Mann Construction Co.,* 8 *Terry* 504, 93 *A.* 2d 741; *Villani v. Wilmington Housing Authority,* 9 *Terry* 450, 106 *A.* 2d 211. In none of these cases, however, was the doctrine found applicable and nowhere does it clearly appear that the doctrine has been either adopted or rejected in this jurisdiction. Although not required to decide the question because I find the doctrine inapplicable here, I take the occasion to interpose a *caveat* and to note that the attractive nuisance doctrine has been rejected by most of our neighboring jurisdictions. *E.g., Frost v. Eastern R. R.,* 64 *N. H.* 220, 9 *A.* 790;

*Bottum's Adm'r v. Hawks,* 84 *Vt.* 370, 79 *A.* 858, 35 *L. R. A.,* *N. S.,* 440; *Paolino v. McKendall,* 24 *R. I.* 432, 53 *A.* 268, 60 *L. R. A.* 133; *Thompson v. Baltimore & O. R. Co.,* 218 *Pa.* 444, 67 *A.* 768, 19 *L. R. A., N. S.,* 1162; *Delaware L. & W. R. Co. v. Reich,* 61 *N. J. L.* 635, 40 *A.* 682, 41 *L. R. A.* 831; *State, to Use of Alston v. Baltimore Fidelity Warehouse Co.,* 176 *Md.* 341, 4 *A.* 2d 739; *Gay v. Essex Electric Street R. Co.,* 159 *Mass.* 238, 34 *N. E.* 186, 21 *L. R. A.* 448; *Walker's Adm'r v. Potomac, F. & P. R. Co.,* 105 *Va.* 226, 53 *S. E.* 113, 4 *L. R. A., N. S.,* 80.

▪▪▪ The attractive nuisance doctrine aside, this case is governed by the rules which have been formulated and generally accepted to determine the duty and degree of care owed to a trespassing child. It is a general rule that ordinary care must be exercised to prevent injury to a trespasser whose presence upon the premises is reasonably to be anticipated. See 38 *Am. Jur.* "Negligence" §§ 109, 112. It is also generally accepted that the age of a child may require a possessor of land to take precautions not required for the protection of an adult. See 38 *Am. Jur.* "Negligence" § 118. When one knows or should know that children are likely to trespass upon premises where there is a condition likely to be dangerous to them, a duty of reasonable care arises toward such children even though they are trespassers. If the person maintaining such condition knows or should know that the presence of trespassing children is to be expected, he is bound to anticipate them and to exercise reasonable care to avoid injury to them. The care to be exercised is such care as is reasonable and prudent under all of the circumstances, having in mind the probability that children, because of their youth, may not discover the condition or may not realize the risk involved in intermeddling with it or in entering the area endangered by it. See *Wolfe v. Rehbein,* 123 *Conn.* 110, 193 *A.* 608.

▪▪▪ The applicable rule is set forth in the *Restatement of Torts,* § 339, as follows:

"A possesor of land is subject to liability for bodily harm

to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk of young children involved therein."

Compare *Altenbach v. Lehigh Valley R. Co.*, 349 *Pa.* 272, 37 *A.* 2d 429; *Jennings v. Glen Alden Coal Co.*, 369 *Pa.* 532, 87 *A.* 2d 206; *Thompson v. Reading Co.*, 343 *Pa.* 585, 23 *A.* 2d 729; *Strang v. South Jersey Broadcasting Co.*, 10 *N. J. Super.* 486, 77 *A.* 2d 502; *Melendez v. City of Los Angeles*, 8 *Cal.* 2d 741, 68 *P.* 2d 971, 973; *Ewing v. George Benz & Sons*, 224 *Minn.* 508, 28 *N. W.* 2d 733; *Morris v. City of Britton*, 66 *S. D.* 121, 279 *N. W.* 531; *Jackson v. Reisinger & Co.*, 219 *Wis.* 535, 263 *N. W.* 641.

Since the attractive nuisance doctrine is not applicable in this case, further consideration need not be given to the defendant's argument that ponds, pools, streams and other bodies of water are not within the scope of that doctrine. See 56 *Am. Jur. "Waters"* § 436; 65 *C. J. S., Negligence*, § 29(12)j. It is for the trier of fact to decide whether the pit of water in this case constituted a condition "involving an unreasonable risk of death or serious bodily harm" within the various facets of the rule expressed in Restatement § 339.

There is no merit to the contention that the defendant James Julian, Inc. had no duty of reasonable care for the child's safety because it was neither the owner nor the possessor of the land.

In view of the foregoing, it does not appear to a certainty that the plaintiffs may not recover under any reasonably conceivable set of circumstances susceptible of proof. Accordingly, the complaint may not be dismissed for failure to state a claim upon which relief can be granted. See *Klein v. Sunbeam Corp.*, 8 *Terry* 526, 94 *A.* 2d 385.