Joseph J. SCHORAH, Jr., and Joseph J. Schorah, Sr., Individually and as guardian ad litem of Joseph J. Schorah, Jr., Plaintiffs,

v.

Charles E. CAREY et al., Defendants.

Superior Court of Delaware, New Castle.

April 5, 1974.

Morton Richard Kimmel and Stephen R. Spiller, Kimmel & Spiller, Wilmington, for plaintiffs.

Joseph H. Flanzer, Flanzer & Isaacs, Wilmington, for defendants Charles E. Carey annd Sarah C. Carey.

James F. Kipp and Dennis D. Ferri, Wilmington, for defendants Albert Bendistis and Roberta Bendistis.

OPINION

BUSH, Judge.

This is a personal injury action brought by Joseph J. Schorah, Sr., individually and as guardian ad litem of Joseph J. Schorah, Jr., his minor son, for injuries sustained by the child while on or near property owned by the defendants, Charles and Sarah Carey, and leased to defendants, Albert and Roberta Bendistis. After discovery, both sets of defendants have moved for summary judgment in their respective favors. This is the Court's opinion on defendants' motions.

The evidence in this case discloses that at the time of the incident in question, the minor plaintiff, then eight years old, was playing a game of tag with a friend. Plaintiff ascended a fence belonging to and located on the property of the Borgias, the Bendistises neighbors. Disregarding a warning by a friend, the plaintiff proceeded to stand on top of the fence, maintaining his balance by grasping an overhead clothesline. Shortly thereafter the line broke, causing plaintiff to lose his footing and to fall chest forward on a metal pole. The metal pole, which was formerly a fence post, was located on property leased by the defendants, Bendistis. The pole extended perpendicularly from the ground about three feet and was located in a rose bush. The pole was in noticeable view and had in fact been observed by plaintiff prior to the accident.

The evidence further discloses that the Bendistises were aware that neighborhood children played in their backyard and climbed the fences in the area. The Bendistises, however, repeatedly warned the children, including the plaintiff, not to play there, but the children disregarded these warnings. Mrs. Bendistis was aware of the existence of the metal pole in her backyard but did not think that it was dangerous or a source of danger to the neighborhood children.

At the time of the incident the defendants, Carey, owned the property on which

the metal pole was located. Mr. Carey states that he has been on the property only once, has no recollection of ever being in the backyard, and has no knowledge of the pole's existence. It appears from the evidence, however, that the pole on which plaintiff was injured was on the property when the Bendistises took possession of the premises as lessees.

Plaintiffs allege that the Careys, as owners of the property on which the minor plaintiff was injured, were negligent in permitting a dangerous condition to exist on the property, where they knew or should have known that neighborhood children routinely engaged in play. Plaintiffs further contend that such conduct constituted wilful and wanton misconduct on the part of both the Careys and the Bendistises. Although the defendants raise legal questions with respect to liability inter se, the primary issue before the Court is whether the evidence, when viewed in the light most favorable to the plaintiffs, establishes a legal basis of liability against either the Careys or the Bendistises on the asserted grounds.

■ The minor plaintiff was a trespasser on the Bendistis' property at the time of the incident in question. Consequently, the Careys, as owners of the property, and the Bendistises, as occupants, owed no duty to the trespassing plaintiff other than to refrain from injuring him intentionally, wilfully, or wantonly. Villani v. Wilmington Housing Authority, Del. Super., 9 Terry 450, 106 A.2d 211, 213 (1954). Moreover, "this rule of non-liability for injuries to trespassers" is said to apply "with equal force to infant trespassers, except under circumstances where liability may be found to exist under the attractive nuisance doctrine." Villani v. Wilmington Housing Authority, supra.

■ The Court has little difficulty in finding that the evidence in this case is manifestly insufficient to establish any "wilful or wanton" misconduct on the part of the defendants. Wilful conduct, by definition, includes an element of actual or implied intent to cause injury. Wanton conduct occurs when a person, though possessing no intent to cause harm, performs an act which is so unreasonable and dangerous that an imminent likelihood of harm or injury to another is reasonably apparent. Wagner v. Shanks, Del.Supr., 194 A. 2d 701, 707 (1963). Such conduct is often characterized by a conscious indifference to the consequences of one's acts or by an "I-don't-care-a-bit-what-happens" attitude. McHugh v. Brown, Del.Supr., 11 Terry 154, 125 A.2d 583, 586 (1956). In the instant case, there are simply no facts from which a jury could reasonably find that the defendants engaged in any wilful or wanton conduct in connection with the metal fence post on the premises.

■ Nor does the evidence in the record, when viewed in the light most favorable to the plaintiff, justify submitting this case to the jury on the question of defendants' liability under Section 339 of the Restatement of Torts, Second, which has been adopted in the State, see Moran v. Delaware Racing Association, Del.Super., 218 A.2d 452 (1966); Beaston v. James Julian, Inc., Del.Super., 10 Terry 521, 120 A.2d 317 (1956), and which was in effect at the time of the incident in question. Section 339 imposes liability on a possessor of land for physical harm to child trespassers caused by an artificial condition upon the land *only* if (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are

slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children. Plaintiffs have failed to show that condition (c) exists in this case and summary judgment in favor of defendants must, therefore, be granted.

■ In a number of cases involving liability for injury sustained by a child in a fall from a height, the courts have presumed that the child appreciates the risk that if he falls he may sustain an injury. See Hunter v. J. C. Turner Lumber Co., N.D.Fla., 187 F.Supp. 646 (1960); Mikkelson v. Risovi, N.D.Supr., 141 N.W.2d 150 (1966); Pardue v. City of Sweetwater, 54 Tenn.App. 286, 390 S.W.2d 683 (1965); Lopez v. Capitol Company, 141 Cal.App.2d 60, 296 P.2d 63 (1956); Roche v. Pennsylvania R. Co., 169 Pa.Super. 48, 82 A.2d 332 (1951); Stimpson v. Bartex Pipe Line Co., Tex.Com.App., 120 Tex. 232, 36 S.W.2d 473 (1931). Consequently, in the absence of circumstances which show that some special risk was encountered by the child or that the fall was caused or exaggerated by a defective structure or other peculiar circumstance which is hidden from the child, the courts have consistently held that height is a danger which any child, even a child of tender years, is expected as a matter of law to comprehend. Novicki v. Blaw-Knox Co., 3rd Cir., 304 F.2d 931 (1962); Pitts v. Fred Weber Contractor, Inc., Mo.App., 466 S.W.2d 124 (1971); McHugh v. Reading Co., 346 Pa. 266, 30 A.2d 122 (1943); Restatement of Torts, Second, § 339, Comment j. See also Moran v. Delaware Racing Association, supra.

■ In the instant case, the Court does not view the existence of the metal pole and its location near the fence as creating any special risk of injury which the minor plaintiff might not comprehend or appreciate. The metal pole was not concealed and was, in fact, observed by the child prior to his fall. The child elected to ascend the fence in the area of the metal pole only after he had actual knowledge of the pole's location. The child stood on the fence and remained there even after he had been warned by his playmate to come down. There is no evidence of any peculiar or distracting influence which would make it likely that the child would not appreciate the danger of falling from the fence and, for that matter, landing on the metal pole. There is also no evidence that the child's fall or ensuing injury arose out of any defect in the fence or the metal pole.

The purpose for the condition that the child "not discover the condition or realize the risk involved" is to protect a landowner from liability where a child "in fact discovers the condition and appreciates the full risk involved, but nonetheless chooses to encounter it out of recklessness or bravado." Restatement of Torts, Second, § 339, Comment m; McHugh v. Reading Co., supra. In the present case, the minor plaintiff had climbed fences on prior occasions, was aware of the existence and location of the metal pole before ascending the fence on the day in question and, despite a warning from a friend, continued to stand on top of the fence out of a spirit of bravado.

Finally, the Court does not view the minor plaintiff's statement that he was unaware of the risk of injury that would result from falling on the metal pole as creating, in and of itself, a submissible question on defendants' liability under Section 339. See Schilz v. Walter Kassuba, Inc., 27 Wis.2d 390, 134 N.W.2d 453 (1965). Therefore, since plaintiffs have failed to satisfy all the conditions set out under Section 339, defendants are entitled to summary judgment on that basis of liability.

Finally, the plaintiffs argue that, notwithstanding the fact that the evidence may fail to show any wilful or wanton conduct by the defendants or liability under Section 339, defendants Carey nevertheless violated Section 10–35 of the New

Castle County Code and were therefore negligent per se. Section 10–35 in pertinent part provides:

> "All accessory structures on dwelling premises, such as, but not limited to, the following: detached garages, storage sheds or buildings, driveways, exterior walkways and steps, *fences* or other constructed appurtenances and facilities shall be maintained structurally safe and sound and in good repair free of hazardous conditions." (Emphasis added) Ord. No. 69–81, § H–310.5.

It is apparently the contention of plaintiffs that defendants violated this provision with respect to the metal pole on their property, which was formerly used as part of a fence, and that the minor plaintiff's injury can be considered causally connected to that violation.

 A violation of Section 10–35 could, in an appropriate case, constitute negligence per se under the holding of Sammons v. Ridgeway, Del.Supr., 293 A.2d 547 (1972). The Court, however, finds it unnecessary to decide this question because, even if a violation of the ordinance does constitute negligence per se, the minor plaintiff was clearly a trespasser on the land at the time of the accident. Consequently, in the absence of some clear expression of legislative intent to the contrary, an ordinance such as Section 10–35 will not ordinarily include trespassers within its pale of protection, particularly where, as in this State, the only basis of liability of a landowner to a trespasser rests upon a standard of intentional, wilful or wanton conduct, or, in the case of a child trespasser, on the qualified negligence standard set out under Section 339 of the Restatement of Torts, Second. To hold, in absolute terms, that a landowner, whose violation of an ordinance gives rise to negligence per se, is liable for injuries to a trespasser on his land arising out of the violation would no doubt result in the imposition of an entirely new and distinct basis of liability on the landowner in this field of personal injury litigation. The Court, however, is firm in its belief that a basis of liability founded upon a violation of a statute or ordinance is unavailable to a trespassing plaintiff unless it is clear from the statute or ordinance that trespassers are specifically included within its scope of protection.

In the instant case, there is no indication from a reading of Section 10–35 of the New Castle County code that the ordinance was enacted to give a treaspasser an actionable claim against a landowner for personal injury arising out of the landowner's violation of the ordinance.

Accordingly, summary judgment in favor of all defendants is, in all respects, granted.

It is so ordered.